Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT

for the

District of Oregon

FILED 21 MAR '24 12:49 USDC-ORP

Portland Division

)
)  Case No. _3:24-CV-496-IM_
)      *(to be filled in by the Clerk's Office)*
)
LAWRENCE STANFILL-EL )
_____ )  Jury Trial: *(check one)* ☒ Yes ☐ No
*Plaintiff(s)* )
*(Write the full name of each plaintiff who is filing this complaint.* )
*If the names of all the plaintiffs cannot fit in the space above,* )
*please write "see attached" in the space and attach an additional* )
*page with the full list of names.)* )
-v- )
)
)
)
MELISSA BAY DEPARTMENT OF PVARO )
VOCATION REHABILITATION _____ )
*Defendant(s)* )
*(Write the full name of each defendant who is being sued. If the* )
*names of all the defendants cannot fit in the space above, please* )
*write "see attached" in the space and attach an additional page* )
*with the full list of names.)* )

## COMPLAINT FOR A CIVIL CASE

### I.    The Parties to This Complaint

#### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | LAWRENCE STANFILL-EL |
| Street Address | 9701 SE JOHNSON CREEK BLVD |
| City and County | HAPPY VALLEY   OREGON CLACKAMAS |
| State and Zip Code | OREGON  97086 |
| Telephone Number | 971 207 5478 |
| E-mail Address | ICEE310@ME.COM |

#### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

**Defendant No. 1**

Name — MELISSA BAY

Job or Title (if known) — CH-31 DEPARTMENT HEAD

Street Address — 100 SW MAIN ST FLOOR 2

City and County — PORTLAND   MULTNOMAH

State and Zip Code — OREGON   97204

Telephone Number — 503-412-4859

E-mail Address (if known) — MELISSA.BAY@VA.GOV

**Defendant No. 2**

Name — GARY RICHARDSON

Job or Title (if known) — EEO INVESTIGATOR ORM

Street Address — 810 VERMONT AVE

City and County — WASHINGTON D.C  WASHINGTON

State and Zip Code — D.C   20420

Telephone Number — 650-614-8457

E-mail Address (if known) — GARY.RICHARDSON@VA.GOV

**Defendant No. 3**

Name — VINCE DIMONE

Job or Title (if known) — CH-31 VOC REHAB COUNSELOR

Street Address — 1601 EAST FOURTH PLAIN BLVD

City and County — VANCOUVER   CLARK

State and Zip Code — WASHINGTON  98661

Telephone Number — 360-759-1914

E-mail Address (if known) — VINCENT.DIMONE@VA.GOV

**Defendant No. 4**

Name — CINDY BUKOWSKY

Job or Title (if known) — EXTERNAL COMPLAINT INVESTIGATOR OF GRIEVANCES

Street Address — OFFICE OF RESOLUTION MANAGEMENT

City and County — WASHINGTON D.C  WASHINGTON

State and Zip Code — D.C   20420

Telephone Number — 202-461-0280

E-mail Address (if known) — CINDY.BUKOWSKY@VA.GOV

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

II.   **Basis for Jurisdiction**

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[X] Federal question                    [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

A.   **If the Basis for Jurisdiction Is a Federal Question**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

442 CRUEL & UNUSUAL PUNISHMENT
42 USC 1985 & 1986 CIVIL RIGHTS CONSPIRACY CLAIMS
TITLE 7 FEDERAL CIVIL RIGHTS ACT EMPLOYMEN DESCIMINATION CLAIMS
REHABILITATION ACT & AMERICAN WITH DISABILITIES ACT

B.   **If the Basis for Jurisdiction Is Diversity of Citizenship**

1.   The Plaintiff(s)

a.   If the plaintiff is an individual

The plaintiff, *(name)* LAWRENCE STANFILL-EL, is a citizen of the State of *(name)* OREGON

b.   If the plaintiff is a corporation

The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____,

and has its principal place of business in the State of *(name)*

_____

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.   The Defendant(s)

a.   If the defendant is an individual

The defendant, *(name)* MELISSA BAY, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____

b.    If the defendant is a corporation

The defendant, *(name)* DEPARTMENT OF VETERAN , is incorporated under
the laws of the State of *(name)* AFFAIRS , and has its
principal place of business in the State of *(name)* OREGON

Or is incorporated under the laws of *(foreign nation)*

and has its principal place of business in *(name)* PORTLAND OREGON

*(If more than one defendant is named in the complaint, attach an additional page providing the
same information for each additional defendant.)*

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at
stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

TEN MILLION U.S DOLLARS

## III.   Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the
facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was
involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including
the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and
write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

THE SAID DEFENDANTS NAMELY MELISSA BAY & CAROL ROANE CONSPIRED
TO INAPPORPIATELY STOP MY EDUCATIONAL BENEFITS WITH THE
ASSISTANCE OF MARK LETTERIE & JOHNATHAN BERRETH VOCATION REHABILITA
COUNSELORS; WHICH ALSO VIOLATED MY CIVIL RIGHTS & DEFAMED MY REPU
THE ENTIRE DEPARTMENT OF VA CH-31 OFFICE IN PORTLAND CONSPIRED TO REMOVE ME

## IV.   Relief
FROM MY 1905 EDUCATION PLAN WHILE ENROLLED IN CLASSES AT PSU.

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal
arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include
the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any
punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or
punitive money damages.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

I DESIRE THE COURT TO AWARD 10 MILLION DOLLARS IN COMPENSATORY DAMAGES AS WELL AS AN ENFORCEMENT OF U.S VETERAN COURT OF APPEALS DECISION.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 3-21-24

Signature of Plaintiff

Printed Name of Plaintiff    LAWRENCE STANFILL-EI

### B. For Attorneys

Date of signing: _____

Signature of Attorney _____

Printed Name of Attorney _____

Bar Number _____

Name of Law Firm _____

Street Address _____

State and Zip Code _____

Telephone Number _____

E-mail Address _____

**LAWRENCE STANFILL EL**      **SSN: 4790**      **DOB: 6/9/1987**

<u>**TABLE OF CONTENTS CHRONOLOGY**</u>

A. *PSU exoneration Letter Dated 6/8/2018:* PSU Dean of Student Life held a hearing and determined my actions didn't violate the student code of conduct by attempting to drop classes.

B. *Travis Wright @ Portland Vet Center:* Calls/ Email log in August of 2018 attempting to make contact with Mark Letterie on my behalf

C. *Outgoing call log from Sprint 9/11/2018*: documents me attempting to make contact with my Chapter 31 Counselor Mark Letterie..

D. *Text Message 9/11/2018*: To Mark Letterie Chapter 31 Counselor prior to 9/13/18 file closure.

E. *EO External Complaint Filed 10/5/2018:* Electronically via email to Cindy Bukowsky.

F. *Muskogee RO Letters 10/23/2018*: Verifying that my entitlement was switched.to Chapter 31.

G. *EEO inquiry email from Thomasina Clark EEO Investigator 12/13/2018:* Email sent off to Mr. Richardson which was additionally ignored.

H. *EEO Gary Richardson Letter 12/18/2018*: Letter claimed that my accusation was merit-less without ever contacting me for additional information or prior to his findings.

I. *EEO Rebuttal Letter to Gary Richardson dated 12/26/2018*: To present no response and all of my information regarding my complaint was ignored by this office.

J. *Johnathan Berreth Letter 12/7/2018*: Chapter 31 Supervisor to Mark Letterie claimed 11K debt was accurate additionally I can't be paid in 2 programs when I was enrolled in 2 (inaccurate). See OKRO Verification Letters for more details.

K. *Rebuttal Letter to Johnathan Berreth 12/17/2018*: Letting him know his statements are slanderous and inaccurate at best.

L. *Response to my VARO Chapter 31 Rebuttal Letter 1/14/2019*: Claims in spite of obvious if I disagree with what happened to me I can file an appeal with the VA.

M. *Letter from St. Paul Minnesota VARO 1/18/2019*: Explains how Chapter 31 Portland VARO generated the education debt and later St. Paul Debt Management committee waived my debt.

N. *PVARO Director Letter 1/2/2019: Acting Director Carol Roane* jumps from weather or not my case file was closed appropriately which was my original complaint quickly to the 2011when I had an altercation @ the PVARO with Kyle Carmine a fellow work-study.

O. *Rebuttal Letter response to PVARO Director 1/6/2019*: Still Currently awaiting a response in regards to my original complaint as well as my rebuttal letter.



May 02, 2018

Lawrence Stanfill El

6812 SE 72nd Ave Unit 7
Portland, Oregon 97206-7285

Dear Lawrence:                              Student Number: 922287254

The Office of the Dean of Student Life addresses allegations that a student has violated the Code of Student Conduct and Responsibility (the Code). A complaint was submitted to our office indicating that on or around May 01, 2018 you are alleged to have disrupted a university office space and failed to comply with multiple university officials, which violates the following sections of the Code:

> 25. Failure to comply with a University Official's requests. Students and Recognized Student Organizations and groups are expected to comply with and respond appropriately to requests of University Officials made in the performance of their duties.

> 1. Obstruction or disruption of teaching, classroom, research, administration, disciplinary procedures or other authorized University activities.

A hearing has been scheduled to review this allegation. Our office seeks to have all of the information before we make a conduct decision. This hearing is your opportunity to present any relevant material for consideration. Alternatively, you may participate in this process by providing a written statement outlining your account of the incident, as well as outlining your suggested outcomes. Should you choose to send a written statement, it should be sent to conduct@pdx.edu before your scheduled hearing time. Should you choose to participate via phone you must provide our office with the preferred number to contact you no less than 24 business hours prior to the scheduled time.

If no reasonable grounds to adjudicate this complaint can be discovered the matter may be referred to mediation or dismissed.

If you are found responsible for violating the Code you will receive a follow-up letter detailing your assigned sanctions, as well as information regarding the Conduct Fee charged to your student account. For details about potential fees and sanctions, please see sections XIII and XIV of the Code.

The following is information about your scheduled hearing. You are encouraged to participate in the hearing. Failure to attend this hearing will **not** halt conduct proceedings; the hearing officer has the right to review the

information received, decide the level of your responsibility, and determine appropriate sanction(s) in your absence.

Hearing Officer: **Dana Walton-Macaulay**
Hearing Date: **May 07, 2018**
Hearing Time: **2:00 PM**
Hearing Location: **Smith Memorial Student Union, Room 433**

You may be asked to present your PSU Student ID during your meeting. Failure to produce your Student ID Card when asked may result in the forfeiture of your right to attend the meeting.

To reschedule your hearing, you must contact the Dean of Student Life office at (503) 725-5341 or at conduct@pdx.edu at least 24 hours in advance of your scheduled hearing time.

To request a different hearing officer or committee review, you must submit a written request via email within two business days of the date this letter was sent. The Senior Conduct Officer will review your written statement and you will be notified of the status of your request via email.

To request translation services you must submit a written request via email to conduct@pdx.edu within two business days of the date this letter was sent. Please notify our office and contact International Student Services (725-4094) or the Disability Resource Center (725-4150) to arrange for any necessary accommodations. Failure to appear for this investigatory meeting will not halt conduct proceedings.

*To better understand your rights, resources and responsibilities as a student participating in this process, please review our website and the Student Code of Conduct.*

If you have questions regarding the contents of this letter or the Student Code of Conduct please contact the Office of the Dean of Student Life at 503.725.4422. The entire Code can be viewed by visiting the following web address: www.pdx.edu/dos/codeofconduct.

Sincerely,


Office of the Dean of Student Life
cc: 00247-001-2018

*This written notification is being sent to Lawrence Stanfill El to your PSU email address.*
*A copy may also be sent via first-class mail to the address that appears at the top of this letter.*



**Office of the Dean of Students**

Post Office Box 751          503-725-4422 tel
Portland, Oregon 97207-0751   503-725-5344 fax
Room 433 SMSU,             conduct@pdx.edu
1825 SW Broadway

June 08, 2018

Lawrence Stanfill El

6812 SE 72nd Ave Unit 7
Portland, Oregon 97206-7285

Dear Lawrence:                                    Student Number: 922287254

This letter serves as follow-up to the meeting we recently held regarding your alleged involvement in an incident that took place on **May 01, 2018.**

During our meeting on May 07, 2018, we discussed the information our office received that led to the charged violations. You then had the opportunity to share information relevant to the incident.

As a result of our conversation about this incident, I have determined that you **did not violate** the Code of Student Conduct.

Lawrence, I appreciate your cooperation and willingness to discuss this incident with me. I extend sincere wishes for academic success as you persist at PSU. If you have any questions, please feel free to call me at 503.725.4422 or email me at conduct@pdx.edu.

Sincerely,

Dana Walton-Macaulay
Conduct Officer

cc: 00247-001-2018

This written notification is being sent to Lawrence Stanfill El via your PSU email address.

A copy may also be sent via first-class mail to the address that appears at the top of this letter.

Exhibit "B"

 **Portland State**
UNIVERSITY

Lawrence Stanfill El <stanfil2@pdx.edu>

## Chapter 31 certification

**Wright, Travis A (Portland)** <Travis.Wright@va.gov>                    Wed, Sep 26, 2018 at 1:03 PM
To: Lawrence Stanfill El <stanfil2@pdx.edu>

Hi Lawrence,

Here is a list of the times and days that I emailed Mark Lettiere at the VARO Voc Rehab.

August 23, 2018 at 4:05pm

September 10, 2018 at 11:13am

He emailed back on.

9/13/18 at 10:35am asking for an ROI (release of information)

I emailed his boss Melissa Bay

Fri 9/21/2018 2:44 PM with the ROI

He emailed back on 9/22/18 10:16am asking to talk now that he had the ROI

We spoke 9/24/18 at 11:00 am

Take care,

Travis A. Wright, MA

Director

Portland Vet Center

1505 NE 122nd Ave



**Sprint**

### Call Details - (971) 207-5470 - Voice ...continued

| On | At | To / From | Destination | Rate | Mins | Cost |
|---|---|---|---|---|---|---|
| | 10:26 pm | (206) 669-0072 | SEATTLE,WA | NW/AU | 01:00 | - |
| | 10:26 pm | (206) 669-0072 | SEATTLE,WA | NW/AU | 18:00 | - |
| Sep 11 | 09:51 am | (360) 241-6630 | Incoming | AU | 02:00 | - |
| | 12:52 pm | (971) 208-7465 | SALEM,OR | AU | 01:00 | - |
| | 02:17 pm | (503) 725-4556 | PORTLAND,OR | AU | 06:00 | - |
| | 02:24 pm | (360) 695-3309 | VANCOUVER,WA | AU | 03:00 | - |
| | 02:27 pm | (360) 593-6269 | ABERDEEN,WA | AU | 01:00 | - |
| | 02:28 pm | (360) 593-6269 | Incoming | AU | 01:00 | - |
| | 02:32 pm | (917) 696-2604 | NEW YORK,NY | AU | 01:00 | - |
| | 02:33 pm | (360) 747-1034 | LONGVIEW,WA | AU | 01:00 | - |
| | 02:34 pm | (503) 412-4569 | PORTLAND,OR | AU | 02:00 | - |
| | 02:47 pm | (503) 757-8563 | PORTLAND,OR | AU | 31:00 | - |
| | 05:23 pm | (503) 449-5643 | PORTLAND,OR | AU | 02:00 | - |
| | 05:36 pm | (800) 846-0332 | Incoming | AU | 01:00 | - |
| | 05:51 pm | (323) 477-4900 | MONTEBELLO,CA | AU | 01:00 | - |
| | 05:54 pm | (503) 289-3490 | PORTLAND,OR | AU | 11:00 | - |
| | 07:12 pm | (971) 255-9869 | PORTLAND,OR | AU | 02:00 | - |
| | 07:42 pm | (971) 222-8089 | Incoming | AU | 07:00 | - |
| Sep 12 | 05:50 am | (503) 793-6625 | PORTLAND,OR | NW/AU | 01:00 | - |
| | 05:53 am | (336) 988-2625 | GREENSBORO,NC | NW/AU | 01:00 | - |
| | 05:53 am | (872) 222-0406 | CHICAGO,IL | NW/AU | 01:00 | - |
| | 05:55 am | (872) 222-0406 | Incoming | NW/AU | 10:00 | - |
| | 08:05 am | (872) 222-0406 | Incoming | NW/AU | 12:00 | - |
| | 06:17 am | (773) 846-7683 | CHICAGO,IL | NW/AU | 01:00 | - |
| | 07:33 am | (971) 222-8089 | PORTLAND,OR | AU | 02:00 | - |
| | 08:27 am | (317) 938-7917 | INDIANAPLS,IN | AU | 01:00 | - |
| | 08:28 am | (773) 846-7683 | CHICAGO,IL | AU | 01:00 | - |
| | 08:29 am | (503) 757-8563 | PORTLAND,OR | AU | 02:00 | - |
| | 08:32 am | (503) 914-7957 | PORTLAND,OR | AU | 01:00 | - |
| | 08:34 am | (503) 991-8011 | SALEM,OR | AU | 16:00 | - |
| | 08:49 am | (503) 757-8563 | Incoming | CW/AU | 02:00 | - |
| | 08:51 am | (503) 991-8011 | SALEM,OR | AU | 69:00 | - |
| | 11:22 am | (503) 757-8563 | PORTLAND,OR | AU | 01:00 | - |
| | 11:29 am | (971) 209-0581 | Incoming | AU | 01:00 | - |
| | 11:29 am | (503) 991-8011 | SALEM,OR | AU | 02:00 | - |
| | 11:43 am | (503) 757-8563 | Incoming | AU | 07:00 | - |
| | 11:49 am | (360) 720-7737 | Incoming | CW/AU | 16:00 | - |
| | 01:38 pm | (800) 419-1473 | Toll Free Call | AU | 08:00 | - |
| | 02:16 pm | (317) 938-7917 | Incoming | AU | 11:00 | - |
| | 02:21 pm | (503) 449-5643 | Incoming | CW/AU | 01:00 | - |
| | 02:27 pm | (503) 449-5643 | PORTLAND,OR | AU | 01:00 | - |
| | 02:28 pm | (773) 846-7683 | CHICAGO,IL | AU | 01:00 | - |
| | 02:29 pm | (503) 412-4569 | PORTLAND,OR | AU | 01:00 | - |
| | 02:30 pm | (360) 990-6951 | BREMERTON,WA | AU | 01:00 | - |
| | 02:34 pm | (503) 954-7590 | PORTLAND,OR | AU | 10:00 | - |
| | 03:08 pm | (971) 255-9869 | PORTLAND,OR | AU | 07:00 | - |
| | 03:52 pm | (800) 777-4001 | Toll Free Call | AU | 14:00 | - |
| | 05:32 pm | (971) 873-6842 | PORTLAND,OR | AU | 02:00 | - |
| Sep 13 | 05:40 am | (347) 213-3046 | BRONX NYC,NY | NW/AU | 01:00 | - |
| | 05:41 am | (773) 846-7683 | CHICAGO,IL | NW/AU | 01:00 | - |
| | 08:56 am | (360) 831-7561 | VANCOUVER,WA | AU | 01:00 | - |
| | 09:27 am | (503) 289-3490 | PORTLAND,OR | AU | 04:00 | - |
| | 10:11 am | (917) 696-2604 | NEW YORK,NY | AU | 01:00 | - |
| | 10:12 am | (503) 757-8563 | PORTLAND,OR | AU | 01:00 | - |

### Call Details - (971) 207-5470 - Voice continues...

**Rate Type**

AU  Anytime/Plan Usage
CW  Call Waiting
NW  Night and Weekends

●ll Sprint LTE                  3:29 PM                          ⚡▊

**New Message**                              Cancel

To: Mark Lettiere, |                                    ⊕

iMessage
Thu, Feb 15, 12:15 PM

> Hey Lawrence.  Text me with a time for Monday.  Mark

Yes sir

Delivered

Text Message
Tue, Sep 11, 2:36 PM

> Last time we spoke was 2/15/18. Feel free to call me I've had my vet ctr counselor contact you on my behalf with No response as of yet.



EXHIBIT E

 **Portland State**
UNIVERSITY

Lawrence Stanfill El <stanfil2@pdx.edu>

---

## Getting back to you
8 messages

---

**Bukowsky, Cindy (ORM)** <Cindy.Bukowsky@va.gov>                    Fri, Oct 5, 2018 at 7:10 AM
To: "stanfil2@pdx.edu" <stanfil2@pdx.edu>

Morning Mr. Stanfill El – per our conversation, you now have my email in which to send your complaint of discrimination. Upon my receipt of your complaint, it will be assigned to a Program Specialist who will as I explained, prepare the correspondence that accompanies your complaint to the appropriate VBA/VHA administration in DC for their action.

Any questions, please ask. The best number to reach me is the 888 number with the extension of 10055.

v/r,

# Cindy A. Bukowsky

**Cindy A. Bukowsky**

**RSC Program Specialist/Certified Mediator/Facilitator**

**Department of Veterans Affairs**

**Office of Resolution Management**

**Office: (314) 487-0400 x65435 or 1-888-566-3982 x10055**

**Fax: (314) 845-5045**



*VA Core Values:* Integrity Commitment Advocacy Respect Excellence

*VA Core Characteristics:* Trustworthy | Accessible | Quality | Innovative | Agile | Integrated

*"Thank you for contacting the Office of Resolution Management. Our goal is to provide you with exceptional customer service. Please take a moment to complete a very brief survey to let us know how my service was today"*

Click Here

*NOTE: If you are not the intended recipient, any dissemination or duplication of this e-mail is prohibited by law. If you received this e-mail in error, please permanently delete it and contact the sender by e-mail.*

---

**Lawrence Stanfill El** <stanfil2@pdx.edu>                                    Fri, Oct 5, 2018 at 9:29 AM
To: "Bukowsky, Cindy (ORM)" <Cindy.Bukowsky@va.gov>

Good morning Cindy,
I wanted to formally write you an email outside of forwarding you many other messages that I had previously sent off to different branches of the VA including the vet center debt management from Minnesota as well as Melissa Bay who is in charge of the Portland Voc rehab office. I want to start by letting you know 12/19/18 I had a car accident where I petitioned the school to retroactively withdraw me from all of my classes as a full-time student. I informed my counselor Mark Lettiere Shortly there after. We scheduled an appointment for February where he informed me that he would be having spinal neck fusion surgery. I informed him I had every intention on returning to school however I was in physical therapy and chiropractic care three times a week which was going to prevent me from going to school as much as I had been going in the past. Throughout my spring term I informed Marc that I would be getting a retro active with drawl and a full tuition refund back to the Department of veteran affairs for receiving my monthly stipend that time and the previous time so that the VA could recoup part of the money that was given to me for classes that were incomplete due to the car accident which I believe or mitigating circumstances all the way up until June. The truth is I didn't receive any more payments after March or April yet in September I am receiving my first letter from debt management notifying me that I have an $11,000 debt with the Department of veteran affairs Voke rehab office Portland Oregon. I was never informed via writing from my counselor Mark Lettiere he I only received a phone call where ass once I got that phone call I informed him I will be going up to the school to get a full tuition refund and I never heard from Mark Lettiere he again. On multiple occasions I reached out to him left him voicemails reached out to my vet center counselor Travis Wright; travis Wright reached out to Mark on behalf of me multiple times only to get no response until after my case file was close by Voke rehab Portland forcing me to go through the entire process all over again when I'm only three classes away from graduating. I reached out to Melissa Bay and informed her that I have been dealing with a certain level of racial prejudice at the Portland regional office by way of documenting in form of an affidavit from myself the fact that I was called Nager by J Coleman who is now retired and that I am 2014 turned in that affidavit into my case file. The level of opposition that I've been dealing with from the Portland Voke rehab office is unfair feels intentional and when I asked Melissa Bay who's in charge of the Voke rehab for Portland she informed me that she could guarantee a letter was sent because it suggested that in my file and when I asked her if a certified or registered return receipt could prove that I received that document she said no but was sure that the letter was mailed out. When I cross examined her statement with St. Paul Minnesota is that management center they informed me that no original that letter went out in May which would lead me to believe that not only was that letter not sent out notifying me of an original death at the time that it was occurring, but no letter letting me know that I am being removed from the Voc rehab program for not making contact with my counselor was ever sent because they had the intent the entire time of pushing me out of the program. That's a nefarious at and an intentional act of discrimination and when I informed Miss Bey that I felt this way she made sure to let me know other veterans are dealing with opposition as well. She also let me know that I should reapply for Voc rehab all over again. I told Melissa Bay I would be contacting her via email with a screenshot and a date

time stamp message to my counselor cell phone verifying in an effort to substantiate my claim that I made multiple attempts to contact him and was returned with silence from my counselor.

Sent from my iPhone

On Oct 5, 2018, at 7:10 AM, Bukowsky, Cindy (ORM) <Cindy.Bukowsky@va.gov> wrote:

> Morning Mr. Stanfill El – per our conversation, you now have my email in which to send your complaint of discrimination. Upon my receipt of your complaint, it will be assigned to a Program Specialist who will as I explained, prepare the correspondence that accompanies your complaint to the appropriate VBA/VHA administration in DC for their action.
>
> Any questions, please ask. The best number to reach me is the 888 number with the extension of 10055.
>
> v/r,

# Cindy A. Bukowsky

**Cindy A. Bukowsky**

**RSC Program Specialist/Certified Mediator/Facilitator**

**Department of Veterans Affairs**

**Office of Resolution Management**

**Office:  (314) 487-0400 x65435 or 1-888-566-3982 x10055**

**Fax:  (314) 845-5045**

*<image001.jpg>*

*VA Core Values:* Integrity Commitment Advocacy Respect Excellence

*VA Core Characteristics:* Trustworthy | Accessible | Quality | Innovative | Agile | Integrated

*"Thank you for contacting the Office of Resolution Management. Our goal is to provide you with exceptional customer service. Please take a moment to complete a very brief survey to let us know how my service was today"*

Click Here

*NOTE: If you are not the intended recipient, any dissemination or duplication of this e-mail is prohibited by law. If you received this e-mail in error, please permanently delete it and contact the sender by e-mail.*

---

**Bukowsky, Cindy (ORM)** <Cindy.Bukowsky@va.gov>                    Fri, Oct 5, 2018 at 9:37 AM
To: Lawrence Stanfill El <stanfil2@pdx.edu>

Thanks for sending the below recap of what you provided during our conversation.  Sometimes it's hard to capture everything that is said over the telephone so this is very helpful.

v/r,

Cindy

---

**From:** Lawrence Stanfill El [mailto:stanfil2@pdx.edu]
**Sent:** Friday, October 05, 2018 11:30 AM
**To:** Bukowsky, Cindy (ORM) <Cindy.Bukowsky@va.gov>
**Subject:** [EXTERNAL] Re: Getting back to you

[Quoted text hidden]

---

**Lawrence Stanfill El** <stanfil2@pdx.edu>                    Fri, Oct 5, 2018 at 9:44 AM
To: "Bukowsky, Cindy (ORM)" <Cindy.Bukowsky@va.gov>

I'm glad I could get this off to you in a timely manner and thank you for your help in getting this complaint filed. This is inconvenience my life the Portland office is aware of this as to how it hasn't hit me is my life and like I told you over the phone I'm a single father supporting my daughter why I have sole legal custody over and it's not fair to our family to be put through the level of hardship that were being forced into financially or the stress associated with this specially with Voc rehab portland office knowing that I am a combat veteran suffering from post traumatic stress in conjunction with anxiety.

Sent from my iPhone
[Quoted text hidden]

---

**Lawrence Stanfill El** <stanfil2@pdx.edu>                    Fri, Dec 21, 2018 at 1:40 PM
To: Bryan_Stebbins@murray.senate.gov

Sent from my iPhone

Begin forwarded message:

**From:** "Bukowsky, Cindy (ORM)" <Cindy.Bukowsky@va.gov>
**Date:** October 5, 2018 at 9:37:36 AM PDT
**To:** Lawrence Stanfill El <stanfil2@pdx.edu>
**Subject: RE: [EXTERNAL] Re: Getting back to you**

[Quoted text hidden]

---

**Lawrence Stanfill El** <stanfil2@pdx.edu>                    Fri, Dec 21, 2018 at 1:43 PM
To: Bryan_Stebbins@murray.senate.gov

Sent from my iPhone

Begin forwarded message:

**From:** Lawrence Stanfill El <stanfil2@pdx.edu>
**Date:** October 5, 2018 at 9:44:04 AM PDT
**To:** "Bukowsky, Cindy (ORM)" <Cindy.Bukowsky@va.gov>
**Subject: Re: [EXTERNAL] Re: Getting back to you**

[Quoted text hidden]

---

**Stebbins, Bryan (Murray)** <Bryan_Stebbins@murray.senate.gov>      Fri, Dec 21, 2018 at 2:07 PM
To: Lawrence Stanfill El <stanfil2@pdx.edu>

Received, thank you.

Bryan Stebbins | *he/him/his*

Southwest Washington Representative

Office of U.S. Senator Patty Murray

P: 360-696-7797

F: 360-696-7798

Bryan_Stebbins@murray.senate.gov

---

**From:** Lawrence Stanfill El <stanfil2@pdx.edu>
**Sent:** Friday, December 21, 2018 1:41 PM
**To:** Stebbins, Bryan (Murray) <Bryan_Stebbins@murray.senate.gov>
**Subject:** Fwd: [EXTERNAL] Re: Getting back to you

[Quoted text hidden]

**Stebbins, Bryan (Murray)** <Bryan_Stebbins@murray.senate.gov>          Fri, Dec 21, 2018 at 2:07 PM
To: Lawrence Stanfill El <stanfil2@pdx.edu>

Received, thank you.

Bryan Stebbins | *he/him/his*

Southwest Washington Representative

Office of U.S. Senator Patty Murray

P: 360-696-7797

F: 360-696-7798

Bryan_Stebbins@murray.senate.gov

---

**From:** Lawrence Stanfill El <stanfil2@pdx.edu>
**Sent:** Friday, December 21, 2018 1:43 PM
**To:** Stebbins, Bryan (Murray) <Bryan_Stebbins@murray.senate.gov>
**Subject:** Fwd: [EXTERNAL] Re: Getting back to you

[Quoted text hidden]

 **Portland State** UNIVERSITY

Lawrence Stanfill El <stanfil2@pdx.edu>

## VBA complaint/Voc rehab

18 messages

**Lenox, Kimm (ORM)** <Kimm.Lenox@va.gov>
To: "stanfil2@pdx.edu" <stanfil2@pdx.edu>

Thu, Oct 18, 2018 at 6:32 AM

Good morning can you please provide me with your telephone number and home address please.


Thanks


**Mr. Kimm Lenox, Program Specialist**
**Office of Resolution Management/RSC**
**Bay Pines, FL 33744**
**(727) 540-3963**
**(727) 540-3976 (Fax)**
**Kimm.Lenox@orm.va.gov**



*VA Core Values:* Integrity Commitment Advocacy Respect Excellence

*VA Core Characteristics:* Trustworthy | Accessible | Quality | Innovative | Agile | Integrated

*Thank you for contacting the Office of Resolution Management. Our goal is to provide you with exceptional customer service. Please take a moment to complete a very brief survey to let us know how my service was today"*


Click Here


This e-mail and any attachments thereto, is intended only for the use of the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please notify me via return e-mail and via telephone at 727-540-3963 and permanently delete the original and any copy of any e-mail and any printout thereof.


**Lawrence Stanfill El** <stanfil2@pdx.edu>
To: "Lenox, Kimm (ORM)" <Kimm.Lenox@va.gov>

Thu, Oct 18, 2018 at 9:01 AM

971.207.5470
5720 NE 47th street Vancouver WA 98661.

Sent from my iPhone

On Oct 18, 2018, at 6:32 AM, Lenox, Kimm (ORM) <Kimm.Lenox@va.gov> wrote:

Good morning can you please provide me with your telephone number and home address please.


Thanks


**Mr. Kimm Lenox, Program Specialist**
**Office of Resolution Management/RSC**
**Bay Pines, FL 33744**
**(727) 540-3963**
**(727) 540-3976 (Fax)**
**Kimm.Lenox@orm.va.gov**

*<image001.jpg>*

*VA Core Values:* Integrity Commitment Advocacy Respect Excellence

*VA Core Characteristics:* Trustworthy | Accessible | Quality | Innovative | Agile | Integrated

*Thank you for contacting the Office of Resolution Management. Our goal is to provide you with exceptional customer service. Please take a moment to complete a very brief survey to let us know how my service was today"*


Click Here


This e-mail and any attachments thereto, is intended only for the use of the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please notify me via return e-mail and via telephone at 727-540-3963 and permanently delete the original and any copy of any e-mail and any printout thereof.

---

**Lenox, Kimm (ORM)** <Kimm.Lenox@va.gov>                    Thu, Oct 18, 2018 at 9:24 AM
To: Lawrence Stanfill El <stanfil2@pdx.edu>

thanks

**Mr. Kimm Lenox, Program Specialist**
**Office of Resolution Management/RSC**
**Bay Pines, FL 33744**
**(727) 540-3963**
**(727) 540-3976 (Fax)**
**Kimm.Lenox@orm.va.gov**



*VA Core Values:* Integrity Commitment Advocacy Respect Excellence

*VA Core Characteristics:* Trustworthy | Accessible | Quality | Innovative | Agile | Integrated

*Thank you for contacting the Office of Resolution Management. Our goal is to provide you with exceptional customer service. Please take a moment to complete a very brief survey to let us know how my service was today"*

Click Here

This e-mail and any attachments thereto, is intended only for the use of the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please notify me via return e-mail and via telephone at 727-540-3963 and permanently delete the original and any copy of any e-mail and any printout thereof.

---

**From:** Lawrence Stanfill El [mailto:stanfil2@pdx.edu]
**Sent:** Thursday, October 18, 2018 12:01 PM
**To:** Lenox, Kimm (ORM) <Kimm.Lenox@va.gov>
**Subject:** [EXTERNAL] Re: VBA complaint/Voc rehab

[Quoted text hidden]

---

**Lawrence Stanfill El** <stanfil2@pdx.edu>                                     Wed, Nov 7, 2018 at 1:01 PM
To: "Lenox, Kimm (ORM)" <Kimm.Lenox@va.gov>

Ma'am,
I got a call last Tuesday 8:49am Pacific time 10/20/2018 from (727) 540.8563: This person was interrupting my Chapter 31 intake at the Vancouver WA office for (Voc-rehab) to determine if I am eligible for benefits. The person I spoke with couldn't understand me very well so would you do me a favor? please see this attachment along with providing me with the name and contact information of who will be reviewing my complaint. I've prepared a persuasive essay for review of what has happened to me (Recently at the Portland VA RO) over the last year, it doens't contain a complete marginalization of me while in this education program, but it contains some which i think may clarify.
[Quoted text hidden]

**3 attachments**

 **image001.jpg**
6K

 **image001.jpg**
6K

 **chapter 31.pdf**
48K

---

**Lenox, Kimm (ORM)** <Kimm.Lenox@va.gov>                                    Wed, Nov 7, 2018 at 1:07 PM
To: Lawrence Stanfill El <stanfil2@pdx.edu>

Mr. Stanfill Your letter will be sent to you on Tuesday of next week explaining your rights. Per our conversation, you stated to me that you spent the money the VA was sending your for your subsistence because you needed it to live off of. I will forward your email to the VBA in DC and they will contact you.


Regards,


**Mr. Kimm Lenox, Program Specialist**
**Office of Resolution Management/RSC**
**Bay Pines, FL 33744**
**(727) 540-3963**
**(727) 540-3976 (Fax)**
**Kimm.Lenox@orm.va.gov**




*VA Core Values:* Integrity Commitment Advocacy Respect Excellence

*VA Core Characteristics:* Trustworthy | Accessible | Quality | Innovative | Agile | Integrated

*Thank you for contacting the Office of Resolution Management. Our goal is to provide you with exceptional customer service. Please take a moment to complete a very brief survey to let us know how my service was today"*


Click Here


This e-mail and any attachments thereto, is intended only for the use of the addressee(s) named herein and may contain legally privileged and/or confidential information.  If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited.  If you have received this e-mail in error, please notify me via

return e-mail and via telephone at 727-540-3963 and permanently delete the original and any copy of any e-mail and any printout thereof.

**From:** Lawrence Stanfill El [mailto:stanfil2@pdx.edu]
**Sent:** Wednesday, November 07, 2018 4:01 PM
**To:** Lenox, Kimm (ORM) <Kimm.Lenox@va.gov>
**Subject:** [EXTERNAL] Re: VBA complaint/Voc rehab

Ma'am,

[Quoted text hidden]
[Quoted text hidden]

---

**Lawrence Stanfill El** <stanfil2@pdx.edu>                                    Wed, Nov 7, 2018 at 1:14 PM
To: "Lenox, Kimm (ORM)" <Kimm.Lenox@va.gov>

Thank you miss, I had no idea it was you that I was speaking to 10/30/18.

Sent from my iPhone

On Nov 7, 2018, at 1:07 PM, Lenox, Kimm (ORM) <Kimm.Lenox@va.gov> wrote:

> Mr. Stanfill Your letter will be sent to you on Tuesday of next week explaining your rights. Per our conversation, you stated to me that you spent the money the VA was sending your for your subsistence because you needed it to live off of. I will forward your email to the VBA in DC and they will contact you.
>
>
> Regards,
>
>
> **Mr. Kimm Lenox, Program Specialist**
> **Office of Resolution Management/RSC**
> **Bay Pines, FL 33744**
> **(727) 540-3963**
> **(727) 540-3976 (Fax)**
> **Kimm.Lenox@orm.va.gov**
>
> *<image001.jpg>*
>
> [Quoted text hidden]

---

**Lenox, Kimm (ORM)** <Kimm.Lenox@va.gov>                                    Wed, Nov 7, 2018 at 1:16 PM
To: Lawrence Stanfill El <stanfil2@pdx.edu>

Not a problem..its Mr. Lenox. Good luck with your request.

**Mr. Kimm Lenox, Program Specialist**
**Office of Resolution Management/RSC**
**Bay Pines, FL 33744**
**(727) 540-3963**
**(727) 540-3976 (Fax)**
**Kimm.Lenox@orm.va.gov**



*VA Core Values:* Integrity Commitment Advocacy Respect Excellence

*VA Core Characteristics:* Trustworthy | Accessible | Quality | Innovative | Agile | Integrated

*Thank you for contacting the Office of Resolution Management. Our goal is to provide you with exceptional customer service. Please take a moment to complete a very brief survey to let us know how my service was today"*

Click Here

This e-mail and any attachments thereto, is intended only for the use of the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please notify me via return e-mail and via telephone at 727-540-3963 and permanently delete the original and any copy of any e-mail and any printout thereof.

---

**From:** Lawrence Stanfill El [mailto:stanfil2@pdx.edu]
**Sent:** Wednesday, November 07, 2018 4:14 PM
**To:** Lenox, Kimm (ORM) <Kimm.Lenox@va.gov>
**Subject:** Re: [EXTERNAL] Re: VBA complaint/Voc rehab

[Quoted text hidden]

---

**Lawrence Stanfill El** <stanfil2@pdx.edu>                     Wed, Dec 12, 2018 at 8:11 AM
To: "Lenox, Kimm (ORM)" <Kimm.Lenox@va.gov>
Cc: travis.wright@va.gov, Bryan Stebbins <Bryan_Stebbins@murray.senate.gov>

Thank you miss, I had no idea it was you that I was speaking to 10/30/18. Please give me the contact information to whom you sent my original grievance off to in DC and on what day. To this day I haven't heard back from anyone regarding my grievance and it's now 12/12/18.

Sent from my iPhone

On Nov 7, 2018, at 1:07 PM, Lenox, Kimm (ORM) <Kimm.Lenox@va.gov> wrote:

> Mr. Stanfill Your letter will be sent to you on Tuesday of next week explaining your rights. Per
> our conversation, you stated to me that you spent the money the VA was sending your for

your subsistence because you needed it to live off of. I will forward your email to the VBA in DC and they will contact you.


Regards,


**Mr. Kimm Lenox, Program Specialist**
**Office of Resolution Management/RSC**
**Bay Pines, FL 33744**
**(727) 540-3963**
**(727) 540-3976 (Fax)**
**Kimm.Lenox@orm.va.gov**

*<image001.jpg>*

[Quoted text hidden]

---

**Lenox, Kimm (ORM)** <Kimm.Lenox@va.gov>                              Wed, Dec 12, 2018 at 8:17 AM
To: Lawrence Stanfill El <stanfil2@pdx.edu>

Office of Resolution Management

VBA EEO Liaison Office (08A2)

1575 I Street NW, 10th Floor, Room 1004

Washington, D.C.  20005

They can be reached by phone at: (202) 632-8653.



**Mr. Kimm Lenox, Program Specialist**
**Office of Resolution Management/RSC**
**Bay Pines, FL 33744**
**(727) 540-3963**
**(727) 540-3976 (Fax)**
**Kimm.Lenox@orm.va.gov**



*VA Core Values:* Integrity Commitment Advocacy Respect Excellence

*VA Core Characteristics:* Trustworthy | Accessible | Quality | Innovative | Agile | Integrated

*Thank you for contacting the Office of Resolution Management. Our goal is to provide you with exceptional customer service. Please take a moment to complete a very brief survey to let us know how my service was today"*

Click Here

This e-mail and any attachments thereto, is intended only for the use of the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please notify me via return e-mail and via telephone at 727-540-3963 and permanently delete the original and any copy of any e-mail and any printout thereof.

---

**From:** Lawrence Stanfill El [mailto:stanfil2@pdx.edu]
**Sent:** Wednesday, December 12, 2018 11:11 AM
**To:** Lenox, Kimm (ORM) <Kimm.Lenox@va.gov>
**Cc:** Wright, Travis A (Portland) <Travis.Wright@va.gov>; Bryan Stebbins
<Bryan_Stebbins@murray.senate.gov>
**Subject:** [EXTERNAL] VBA complaint/Voc rehab

[Quoted text hidden]

---

**Lawrence Stanfill El** <stanfil2@pdx.edu>                     Wed, Dec 12, 2018 at 2:48 PM
To: Eric Scott <erscott@pdx.edu>

Sent from my iPhone

Begin forwarded message:

> **From:** "Lenox, Kimm (ORM)" <Kimm.Lenox@va.gov>
> **Date:** December 12, 2018 at 8:17:31 AM PST
> **To:** Lawrence Stanfill El <stanfil2@pdx.edu>
> **Subject: RE: [EXTERNAL] VBA complaint/Voc rehab**

[Quoted text hidden]

---

**Lawrence Stanfill El** <stanfil2@pdx.edu>                     Thu, Dec 13, 2018 at 4:10 PM
To: Bryan_Stebbins@murray.senate.gov

Sent from my iPhone

Begin forwarded message:

> **From:** Lawrence Stanfill El <stanfil2@pdx.edu>
> **Date:** December 12, 2018 at 2:48:22 PM PST
> **To:** Eric Scott <erscott@pdx.edu>
> **Subject: Fwd: [EXTERNAL] VBA complaint/Voc rehab**

[Quoted text hidden]

---

**Stebbins, Bryan (Murray)** <Bryan_Stebbins@murray.senate.gov>       Fri, Dec 14, 2018 at 10:39 AM
To: Lawrence Stanfill El <stanfil2@pdx.edu>

Received. Thank you.

Bryan Stebbins | *he/him/his*

Southwest Washington Representative

Office of U.S. Senator Patty Murray

P: 360-696-7797

F: 360-696-7798

Bryan_Stebbins@murray.senate.gov

---

**From:** Lawrence Stanfill El <stanfil2@pdx.edu>
**Sent:** Thursday, December 13, 2018 4:10 PM
**To:** Stebbins, Bryan (Murray) <Bryan_Stebbins@murray.senate.gov>

[Quoted text hidden]

[Quoted text hidden]

---

**Lawrence Stanfill El** <stanfil2@pdx.edu>       Fri, Dec 21, 2018 at 1:45 PM
To: Bryan_Stebbins@murray.senate.gov

Sent from my iPhone

Begin forwarded message:

> **From:** Lawrence Stanfill El <stanfil2@pdx.edu>
> **Date:** December 12, 2018 at 2:48:22 PM PST
> **To:** Eric Scott <erscott@pdx.edu>
> **Subject: Fwd: [EXTERNAL] VBA complaint/Voc rehab**

[Quoted text hidden]

---

**Lawrence Stanfill El** <stanfil2@pdx.edu>       Fri, Dec 21, 2018 at 1:45 PM

To: Bryan_Stebbins@murray.senate.gov


Sent from my iPhone

Begin forwarded message:

> **From:** "Lenox, Kimm (ORM)" <Kimm.Lenox@va.gov>
> **Date:** December 12, 2018 at 8:17:31 AM PST
> **To:** Lawrence Stanfill El <stanfil2@pdx.edu>
> **Subject: RE: [EXTERNAL] VBA complaint/Voc rehab**

[Quoted text hidden]

---

**Lawrence Stanfill El** <stanfil2@pdx.edu>                    Fri, Dec 21, 2018 at 1:46 PM
To: Bryan_Stebbins@murray.senate.gov


Sent from my iPhone

Begin forwarded message:

> **From:** "Lenox, Kimm (ORM)" <Kimm.Lenox@va.gov>
> **Date:** November 7, 2018 at 1:16:11 PM PST
> **To:** Lawrence Stanfill El <stanfil2@pdx.edu>
> **Subject: RE: [EXTERNAL] Re: VBA complaint/Voc rehab**

[Quoted text hidden]

---

**Stebbins, Bryan (Murray)** <Bryan_Stebbins@murray.senate.gov>    Fri, Dec 21, 2018 at 2:07 PM
To: Lawrence Stanfill El <stanfil2@pdx.edu>

Received, thank you.


Bryan Stebbins | *he/him/his*

Southwest Washington Representative

Office of U.S. Senator Patty Murray

P: 360-696-7797

F: 360-696-7798

Bryan_Stebbins@murray.senate.gov

---

**From:** Lawrence Stanfill El <stanfil2@pdx.edu>
**Sent:** Friday, December 21, 2018 1:45 PM
**To:** Stebbins, Bryan (Murray) <Bryan_Stebbins@murray.senate.gov>

[Quoted text hidden]

[Quoted text hidden]

---

**Stebbins, Bryan (Murray)** <Bryan_Stebbins@murray.senate.gov>          Fri, Dec 21, 2018 at 2:07 PM
To: Lawrence Stanfill El <stanfil2@pdx.edu>

Received, thank you.

Bryan Stebbins | *he/him/his*

Southwest Washington Representative

Office of U.S. Senator Patty Murray

P: 360-696-7797

F: 360-696-7798

Bryan_Stebbins@murray.senate.gov

---

**From:** Lawrence Stanfill El <stanfil2@pdx.edu>
**Sent:** Friday, December 21, 2018 1:46 PM
**To:** Stebbins, Bryan (Murray) <Bryan_Stebbins@murray.senate.gov>
**Subject:** Fwd: [EXTERNAL] VBA complaint/Voc rehab

Sent from my iPhone

[Quoted text hidden]

---

**Stebbins, Bryan (Murray)** <Bryan_Stebbins@murray.senate.gov>          Fri, Dec 21, 2018 at 2:07 PM
To: Lawrence Stanfill El <stanfil2@pdx.edu>

Received, thank you.

Bryan Stebbins | *he/him/his*

Southwest Washington Representative

Office of U.S. Senator Patty Murray

P: 360-696-7797

F: 360-696-7798

Bryan_Stebbins@murray.senate.gov

---

**From:** Lawrence Stanfill El <stanfil2@pdx.edu>
**Sent:** Friday, December 21, 2018 1:46 PM
**To:** Stebbins, Bryan (Murray) <Bryan_Stebbins@murray.senate.gov>
**Subject:** Fwd: [EXTERNAL] Re: VBA complaint/Voc rehab

[Quoted text hidden]



**DEPARTMENT OF VETERANS AFFAIRS**
Muskogee Regional Office
PO Box 8888
Muskogee OK  74402-8888

October 23, 2018

In Reply Refer To:     351/22

SCHOOL CERTIFYING OFFICIAL
PORTLAND STATE UNIVERSITY
C/O REGISTRAR
PO BOX 751
PORTLAND OR 97207-0751

Lawrence M Stanfill
XXX-XX-4790

Dear School Certifying Official:

We have received Lawrence M Stanfill's enrollment certification for the term from
September 24, 2018, to December 8, 2018. This student is no longer eligible for VA educational
benefits as of January 24, 2013, because he has received all of the benefits to which he was
entitled.  You don't need to send us future enrollment certifications for this student, unless he
submits a Certificate of Eligibility from VA dated after the date of this letter.

Sincerely yours,

P. Stephens
Education Officer

cc:  Disabled American Veterans

        Lawrence M Stanfill
        715 NW Hoyt St # 6087
        Portland OR 97228

22/scs/lkw





DEPARTMENT OF VETERANS AFFAIRS
MUSKOGEE REGIONAL OFFICE
P.O. BOX 8888
MUSKOGEE OK 74402-8888

OCTOBER 23, 2018

MR. LAWRENCE M. STANFILL                              351/22
715 NW HOYT ST # 6087                                 LMSTANF
PORTLAND, OR 97228                                     XXX-XX-4790

Dear Mr. Stanfill:

We received an Enrollment Certification from Portland State University for term dates September 24, 2018, through December 8, 2018. Unfortunately, we cannot pay this Enrollment Certification, because you exhausted your benefits under the Post-9/11 GI Bill effective January 24, 2013.

## Chapter 30 Refund

Since you have exhausted your benefits under the Post-9/11 GI Bill, you have been awarded a proportional refund of your Montgomery GI Bill (Chapter 30) contributions. This letter gives information about your payment and how to contact us.

- Individuals must have made an irrevocable election to use Post-9/11 GI Bill (Chapter 33) by relinquishing benefits under Chapter 30 and had entitlement remaining as of the date of relinquishment of Chapter 30.

- Only individuals who actually made the contributions may receive the refund. Individuals receiving transferred benefits are not entitled to the Chapter 30 refund.

- Individuals must be receiving a housing allowance at the time entitlement exhausts to receive the refund.

- The amount of the refund will be equal to the number of months and days the individual had remaining under Chapter 30 divided by 36 months multiplied by amount contributed.

## What This Means to You

Because you met the criteria above, **we issued a refund in the amount of $1,200.00.**

LMSTANF
XXX-XX-4790

## If You Have Questions or Need Assistance

If you have questions or need assistance, contact the Department of Veterans Affairs at 1-888-GI-BILL-1 (1-888-442-4551). If you use the Telecommunications Device for the Deaf (TDD), the Federal number is 711. See the "If You Need Help" enclosure for contact information.

Sincerely,

Pam Stephens
Education Officer

Enclosures:    VA Form 4107
                 If You Need Help

cc:    Disabled American Veterans  (348/83)

 **Portland State**
UNIVERSITY

Lawrence Stanfill El <stanfil2@pdx.edu>

---

## AVAYA inquiry Vet complaint
5 messages

---

**Clark, Thomasina M.** <Thomasina.Clark@va.gov>          Thu, Dec 13, 2018 at 3:39 PM
To: "Richardson, Gary, (ORM)" <Gary.Richardson3@va.gov>
Cc: "stanfil2@pdx.edu" <stanfil2@pdx.edu>

Dear Mr. Richardson,

I received a call from Mr. Lawrence Stanfill El, while on AVAYA and he is inquiring about the determination in his discrimination complaint findings. In addition, Mr. Stanfill El understands that mediation is to be set up by our office. He is looking for an updated status and next steps.

Please contact him at (971) 207-5470.

Sincerely,

# Thomasina Clark

Thomasina Clark

EEO Investigator

Department of Veterans Affairs

Office of Resolution Management

Office: (650) 614-8457

Toll free: 1 (888) 566-3982 ext. 10051

*NOTE: If you are not the intended recipient, any dissemination or duplication of this e-mail is prohibited by law. If you received this e-mail in error, please permanently delete it and contact the sender by e-mail.*



*VA Core Values:* Integrity Commitment Advocacy Respect Excellence

*VA Core Characteristics:* Trustworthy | Accessible | Quality | Innovative | Agile | Integrated

*Thank you for contacting the Office of Resolution Management. Our goal is to provide you with exceptional customer service. Please take a moment to complete a very brief survey to let us know how my service was today.*

Click Here

---

**Lawrence Stanfill El** <stanfil2@pdx.edu>                                    Thu, Dec 13, 2018 at 4:10 PM
To: Bryan_Stebbins@murray.senate.gov

Sent from my iPhone

Begin forwarded message:

> **From:** "Clark, Thomasina M." <Thomasina.Clark@va.gov>
> **Date:** December 13, 2018 at 3:39:14 PM PST
> **To:** "Richardson, Gary, (ORM)" <Gary.Richardson3@va.gov>
> **Cc:** "stanfil2@pdx.edu" <stanfil2@pdx.edu>
> **Subject: AVAYA inquiry Vet complaint**

[Quoted text hidden]

---

**Stebbins, Bryan (Murray)** <Bryan_Stebbins@murray.senate.gov>              Fri, Dec 14, 2018 at 10:39 AM
To: Lawrence Stanfill El <stanfil2@pdx.edu>

Received. Thank you.

Bryan Stebbins | *he/him/his*

Southwest Washington Representative

Office of U.S. Senator Patty Murray

P: 360-696-7797

F: 360-696-7798

Bryan_Stebbins@murray.senate.gov

---

**From:** Lawrence Stanfill El <stanfil2@pdx.edu>
**Sent:** Thursday, December 13, 2018 4:10 PM
**To:** Stebbins, Bryan (Murray) <Bryan_Stebbins@murray.senate.gov>
**Subject:** Fwd: AVAYA inquiry Vet complaint

[Quoted text hidden]

**Lawrence Stanfill El** <stanfil2@pdx.edu>                    Wed, Dec 26, 2018 at 1:36 PM
To: "Clark, Thomasina M." <Thomasina.Clark@va.gov>
Cc: "Richardson, Gary, (ORM)" <Gary.Richardson3@va.gov>, Bryan Stebbins
<bryan_stebbins@murray.senate.gov>

Mr. Richardson please see my attached response to your most recent Letter. Ms. Clark thanks for reaching
out to Mr. Richardson to no avail he at no point ever contacted me throughout this process. I'm not sure
what the VA regulations currently consist of or what the proper procedures are for handling an electronic
external complaint, but even after you reached out to Mr. Richardson he had a predetermined letter that
contained many inconsistencies at best and was a one sided investigation. I imagine you can inform me of
who is responsible to investigate at matter of this magnitude above Mr. Richardson. I can be reached via
email: Stanfil2@pdx.edu or 971.207.5470 Thanks.
[Quoted text hidden]

 **EEO REBUTTAL LETTER.pdf**
73K

---

**Stebbins, Bryan (Murray)** <Bryan_Stebbins@murray.senate.gov>        Wed, Jan 2, 2019 at 9:12 AM
To: Lawrence Stanfill El <stanfil2@pdx.edu>

Received, thank you.


Bryan Stebbins | *he/him/his*

Southwest Washington Representative

Office of U.S. Senator Patty Murray

P: 360-696-7797

F: 360-696-7798

Bryan_Stebbins@murray.senate.gov



**From:** Lawrence Stanfill El <stanfil2@pdx.edu>
**Sent:** Wednesday, December 26, 2018 1:37 PM
**To:** Clark, Thomasina M. <Thomasina.Clark@va.gov>
**Cc:** Richardson, Gary, (ORM) <Gary.Richardson3@va.gov>; Stebbins, Bryan (Murray)
<Bryan_Stebbins@murray.senate.gov>
**Subject:** Re: AVAYA inquiry Vet complaint

[Quoted text hidden]



**DEPARTMENT OF VETERANS AFFAIRS**
OFFICE OF RESOLUTION MANAGEMENT
Washington, DC 20420

December 18, 2018

Mr. Lawrence Stanfill El
5720 NE 47Th St
Vancouver, WA 98661

Dear Mr. Stanfill:

This letter is in response to your complaint filed with the U.S. Department of Veterans Affairs (VA), Office of Resolution Management (ORM) alleging discrimination based on disability against the Portland VA Regional Benefits Office (VARO) Portland, Oregon. Specifically, you alleged that your VR&E file was closed against your will and that you endured a certain level of discrimination and racism while attending Portland State University (PSU) in the VR&E program. Additionally, you assert that your education/subsistence allowance debt should be waived and that you should be afforded the opportunity to be placed on a new 1905 plan focused on attending law school.

An inquiry was conducted by a team of subject matter experts from VARO Portland and reviewed by the ORM Veterans Benefits Administration (VBA), Equal Employment Opportunity (EEO) Liaison Office. The following results of the inquiry are as follows:

a. You participated in the Vocational Rehabilitation and Employment (VR&E) program from November 28, 2011 to September 13, 2018. During this time, you attended training at Portland State University (PSU) with the intent to earn a bachelor's degree in geography.

b. During the winter 2018 term (January 8, 2018 to March 24, 2018), you enrolled in 12 credits and received $5,805.80 in subsistence allowance. During the spring 2018 term (April 2, 2018 to June 16, 2018), you enrolled in 13 credits and received $5,655.00.

c. Your VR&E record shows you did not attend any classes during the winter and spring 2018 terms, did not inform your Vocational Rehabilitation Counselor (VRC) that you did not attend classes, and did not withdraw from any of your classes, thus, received subsistence allowance in the amount of $11,460.80.

Page 2
Mr. Lawrence Stanfill El

d. Due to not informing your VRC that you did not attend classes and did not inform PSU's registrar's office that you did not attend classes, you received failing grades for the winter and spring 2018 terms.

e. During June 2018, you petitioned to PSU to be retroactively withdrawn from the winter and spring 2018 terms. The petitioned was granted which removed the failing grades and PSU sent VR&E updated enrollment certifications stating you did not attend any classes during the winter and spring terms. However, 38 U.S.C. 3680(a)(3) prohibits payment of VA benefits for a course in which a Veteran withdraws and receives a non-punitive grade that has no quality point value toward fulfilling a facility's graduation requirement and is not calculated into the GPA. If the reduction occurs prior to the beginning of the term, benefits must be reduced back to the first day of the term that the Veteran withdraws. As you did not attend any classes during winter and spring 2018, an overpayment was created to pay back the $11,460.80 that you received.

f. If you haven't already done so, you may request a waiver of indebtedness. The VA Debt Management Center (DMC) is responsible for Chapter 31 VR&E subsistence allowance debts. When a Veteran's account is established with the DMC, you will or should have already received a notice explaining what a waiver is and what VA needs to process it. To apply for a waiver, you must submit the following items:

A written letter that explains why the Veteran feels he/she should not be held responsible for payment of the debt or why collection of the debt would be unfair and create a financial hardship.

- Completed and signed VAF 5655.
- The waiver and completed and signed VAF 5655 must be mailed to:

US Department of Veterans Affairs
Debt Management Center
P.O. Box 11930
St. Paul, MN 55111

g. Your VR&E file was closed on September 13, 2018 due to lack of participation. However, you were provided due process prior to case closure, as well as Appellate Rights once your case was closed.

h. Finally, if you haven't already done so, you may reapply for VR&E benefits. As VR&E is an employment program and not an educational program, you must show feasibility to return to work and that you have overcome the barriers that led to case closure during September 2018.

Page 3
Mr. Lawrence Stanfill El

We have determined that the totality of the record does not support your allegations of discrimination. Therefore, your case is closed without further review by this office.

If you have additional questions concerning your claim for compensation and/or pension, please contact the VARO Portland at 1-800-827-1000.

Sincerely,

Gary A.
Richardson
1060612

Digitally signed by
Gary A. Richardson
1060612
Date: 2018.12.18
10:11:21 -05'00'

Gary Richardson
VBA EEO Liaison Office (08A2)
External Veteran Complaints

**Date: 12/21/2018**
To: ORM (VBA) EEO Liason Office
From: Lawrence Stanfill El
Subject: Rebuttal letter
     RE: Letter from Gary Richardson dated: 12/18th/18

Dear Gary Richardson,
     I'm responding to the most recent letter from your office that I received via UPS today 12/21/2018. I filed a *ORM external complaint* refuting the alleged debt of $11,000 generated by the Portland Voc Rehab office under the basis of receiving housing allowance while enrolled from Winter term 1 /8/2018-3/24/2018 and Spring term 4/2/2018-6/16/2018. It is also true that my complaint contains a grievance against this office for discrimination.
     Mr. Richardson you have seemingly concluded that with the assistance of the Portland VARO subject matter experts came to a conclusion that the totality of the record does not support my allegation of discrimination; conveniently all of whom that are currently accused by me of wrongfully closing my case file against my will are the same individuals who coincidentally helped you come to such a determination. I can't seem to help but notice how these individuals who are a party to the investigation wouldn't create a conflict of interest.

<u>FACTS</u>
A. I participated in VR&E with Kenneth Mcmillion in 2012 not any time prior. During the creation of my 1905 I signed over my remaining entitlement of Chapter 33 (15 months). Secondly my 1905 was created for a Bachelors degree in Geography which included a GIS Minor Certificate offered at Portland State university; in an attempt to gain suitable employment as a cartographer.

B. Your assertion that I was attending PSU for the Winter 2018 & Spring terms are accurate.

    C. Your assertion that my VR&E record does not reflect me attending classes during the winter and spring terms of 2018 may be true. However the later portion of this statement which claims "you did not inform your Vocation Rehabilitation Counselor that you did not attend classes and did not withdraw from any classes thus received subsistence allowance in the amount of 11,460.80." is a misrepresentation of fact at best.
    CI. I informed Mark Letterie I was hit by a car 12/19/2017 in january over then phone and informed him would have difficulty attending classes but was already registered via priority registration when we met 2/19/2018 face to face at Starbucks on the first floor of the Portland VARO. What is true is that I accepted my subsistence allowance in the amount of 11,460.80 from: 1/8/2018-3/24/2018 & 4/2/2018-6/16/2018.
    D. Your assertion that I didn't inform my VRC counselor Mark Letterie of not attending is again a misrepresentation of fact. I find it interesting that you yourself Mr. Richardson never once contacted me to verify these points during the course of your investigation concerning these allegations regarding my complaint of discrimination. You claim I received fails for the terms in question whereas there is only one report of a single F grade out of six total classes. Yes it is true that one instructor gave me an F after attempting to attend one of her classes during the Winter term. I realized that due to the nature of my car accident and injury sustained I would not be able to continue to attend. My treatment plan at that time required me to attend Dr. visits of up to four times per week. Which Mark Letterie was in fact made aware of when I met with him 2/19/2018; whereas he informed me that his spinal neck fusion surgery would have him out

of the office for an undisclosed amount of time.

DI. Due to Mark Lettereie being out of the office for medical reason I only made contact with Mark Letterie by phone through Call that went unreturned by anyone who was acting in Mark Stead "Johnathan Berreth" and also text messages that were ignored by Mark Letterie. According to my phone records I never received a call back from Mr. Letterie, but I would have you know Mr. Richardson that turned in medical bills as a result of going to urgent care to his box at the Portland VARO along with my petition that was approved by Portland State University.

E.     I am very much aware I turned in a Petition that granted withdrawals for medical reasons given the situation of being hit by a car. Your claim of VR&E being updated by way of my petition directly from the institution though my petition is false. I turned my petition into Mark Letterie's box at the Portland VARO and no one ever responded on his behalf while he was either in or out of the office due to his surgery nor did Mr. Letterie ever try to make contact with me over the summer months.

EI. 38 USC 3680(a)(3) Obviously asserts that "reduction occurs prior to the beginning of the term" whereas I dropped these classes after the term began and the VA still didn't pay for the tuition according to Portland State University. I received the subsistence allowance after informing Mark Letterie I wouldn't be able to make it to class and that I would be dropping a petition so that the VA could at least recover their money from tuition via a phone call.

F. Mr. Richardson you aught to know that I did file a waiver of debt with DMC for the alleged debt started by the Portland Voc Rehabilitation office. I informed a Cindy Bukowsky on 10/5/2018 with which my complaint was electronically filed via email who was told this information. I'm certain you are aware of these things that have taken place within the chain of command as it is their responsibility to diligently turn over this sort of information.

G. Mr. Richardson you assert that my case file was closed 9/13/2018 due to a lack of participation. This again is a misrepresentation of fact. Did you review Travis Wright (counselor @ Portland Vet Center) who reached out to Mr. Letterie on my behalf throughout the month of August on multiple occasions? I'm guessing you had this information available to you and have ignored it up to now judging from the following "we have determined that the totality of the record does not support your allegation of discrimination. Therefore your case is closed without further review by this office". I would ask who "We" are in this determination and if those individual have any relationship to the people accused in my grievance of blackballing me out of the Chapter 31 Vocation Rehabilitation Portland Office.

H. Certainly your aware that I had a meeting with Vince Dimone and have applied for chapter 31 Benefits after being wrongfully removed against my will from the program in the first place. My meeting with my new counselor happened 10/30/2018 coincidentally the same day Mr. Kim Lenox called me from Bay Pines, Florida VARO ORM's Kim Lenox from Bay Pines, Florida VARO chapter 31 counselor who contacted me while in a concurrent meeting with my new chapter 31 counselor Vincent Dimone  Vancouver, WA on or about 10/30/2018.  Mr. Kim Lenox knew I was in a meeting and Mr. Lenox failed reschedule the call back after I informed him I was in that meeting. Thereby assuming my lack of response due to the concurrent meeting with my new counselor was acquiescence to the allegation of wrongfully receiving housing allowance in the first place. I informed Mr. Kim Lenox that I filed an electronic complaint documenting all the specifics of my said external complaint and grievance via email to a Cindy Bukowsky on 10/5/2018. Ms. Lenox's was solely basing his opinion of how I decided to spend the money as if to say that how I decided to spend my subsistence allowence had anything to do with wether or not I had entitlement to that money. Later I was asked by Ms. Lenox

"how did you use the money we gave you? Well you should've kept it because the VA is going to need that back since you dropped those classes".

In short Mr. Richardson I had you contacted on 12/13/2018 via email by someone in the DC office of ORM named Thomasina M. Clark an EEO investigator. You ignored her email as you did my phone calls and evidence that suggested that the Portland VARO Vocation Rehabilitation Office had any involvement in removing me from my education program malicously all the way up until now. Which leads me to believe that you had a complete bias against me this entire time without making contact with me during the course of your would be investigation and that this EEO Complaint I filed was merely a predetermined formality. I want to know who you work for and who you answer to in D.C please provide me with the names and contact information of the individuals who comprised the "Subject matter experts" portion of this determination as well.

If you would like to contact me by email: stanfil2@pdx.edu
by phone: 971.207.5470
By mail: 5720 NE 47th Street Vancouver WA 98661.

Sincerely yours,                                    Lawrence Stanfill El

PATTY MURRAY
WASHINGTON

COMMITTEES:
APPROPRIATIONS
BUDGET
HEALTH, EDUCATION, LABOR,
AND PENSIONS.
VETERANS' AFFAIRS

## United States Senate
WASHINGTON, DC 20510–4704

December 7, 2018

Mr. Lawrence Stanfill, El
5720 NE 47th St
Vancouver, WA 98661

Dear Mr. Stanfill:

In reply to my inquiry on your behalf to the Department of Veterans Affairs, I received the following response dated 12/7/2018:

*"The Veteran recently made a complaint against this office regarding his overpayment. We received a call from Office of Resolution Management (ORM), prior to his most recent meeting with Vince Dimone, VRC in Vancouver, regarding an external complaint Mr. Stanfill filed against the office for discrimination and his overpayment. ORM consulted with our office, then Mr. Stanfill, and determined that he unlawfully spent the $11,000 he was paid for Winter and Spring of 2018, which is why he has the overpayment.*

*The Veteran was appropriately closed out of a program of rehabilitation benefits due to a hold on his PSU account that was due to charges the Veteran personally incurred, and not part of his degree program endorsed by VA. He was barred from enrolling at PSU. Additionally, his history with VR&E spanned 6 years without completing a Bachelor's degree, not following policy regarding his need to timely report enrollment changes, and disruptive behavior incidents at both PSU and the Regional Office that led to the Veteran's arrest. All of these concerns present as barriers to employment, and question the Veteran's feasibility to reach an employment outcome.*

*In addition, Mr. Stanfill is currently using CH33 and cannot be funded through both programs simultaneously.*

*Let me know if you have any additional questions."*

*Jonathan Berreth, MS, NCC, CRC*
*Supervisory Vocational Rehabilitation Counselor*
*Department of Veterans Affairs*
*Portland Regional Office*

154 RUSSELL SENATE OFFICE BUILDING
WASHINGTON, DC 20510–4704
(202) 224–2621

THE MARSHALL HOUSE
1323 OFFICER'S ROW
VANCOUVER, WA 98661–3856
(360) 696–7797

2930 WETMORE AVENUE
SUITE 903
EVERETT, WA 98201–4107
(425) 259–6515

2988 JACKSON FEDERAL BUILDING
915 2ND AVENUE
SEATTLE, WA 98174–1003
(206) 553–5545
TOLL FREE: (866) 481–9186

website: http://murray.senate.gov
e-mail: http://murray.senate.gov/email
PRINTED ON RECYCLED PAPER

10 NORTH POST STREET
SUITE 600
SPOKANE, WA 99201–0712
(509) 624–9515

950 PACIFIC AVENUE
SUITE 650
TACOMA, WA 98402–4450
(253) 572–3636

402 EAST YAKIMA AVENUE
SUITE 420
YAKIMA, WA 98901–2760
(509) 453–7462

EXHIBIT 5

**PATTY MURRAY**
WASHINGTON

COMMITTEES:
APPROPRIATIONS
BUDGET
HEALTH, EDUCATION, LABOR,
AND PENSIONS
VETERANS' AFFAIRS

# United States Senate

WASHINGTON, DC 20510-4704

December 7, 2018

Mr. Lawrence Stanfill, EI
5720 NE 47th St
Vancouver, WA 98661

Dear Mr. Stanfill:

In reply to my inquiry on your behalf to the Department of Veterans Affairs, I received the following response dated 12/7/2018:

*"The Veteran recently made a complaint against this office regarding his overpayment. We received a call from Office of Resolution Management (ORM), prior to his most recent meeting with Vince Dimone, VRC in Vancouver, regarding an external complaint Mr. Stanfill filed against the office for discrimination and his overpayment. ORM consulted with our office, then Mr. Stanfill, and determined that he unlawfully spent the $11,000 he was paid for Winter and Spring of 2018, which is why he has the overpayment.*

*The Veteran was appropriately closed out of a program of rehabilitation benefits due to a hold on his PSU account that was due to charges the Veteran personally incurred, and not part of his degree program endorsed by VA. He was barred from enrolling at PSU. Additionally, his history with VR&E spanned 6 years without completing a Bachelor's degree, not following policy regarding his need to timely report enrollment changes, and disruptive behavior incidents at both PSU and the Regional Office that led to the Veteran's arrest. All of these concerns present as barriers to employment, and question the Veteran's feasibility to reach an employment outcome.*

*In addition, Mr. Stanfill is currently using CH33 and cannot be funded through both programs simultaneously.*

*Let me know if you have any additional questions."*

*Jonathan Berreth, MS, NCC, CRC*
*Supervisory Vocational Rehabilitation Counselor*
*Department of Veterans Affairs*
*Portland Regional Office*

154 RUSSELL SENATE OFFICE BUILDING
WASHINGTON, DC 20510-4704
(202) 224-2621

THE MARSHALL HOUSE
1323 OFFICER'S ROW
VANCOUVER, WA 98661-3856
(360) 696-7797

2930 WETMORE AVENUE
SUITE 903
EVERETT, WA 98201-4107
(425) 259-6515

2988 JACKSON FEDERAL BUILDING
915 2ND AVENUE
SEATTLE, WA 98174-1003
(206) 553-5545
TOLL FREE: (866) 481-9186.

website: http://murray.senate.gov
e-mail: http://murray.senate.gov/email
PRINTED ON RECYCLED PAPER

10 NORTH POST STREET
SUITE 600
SPOKANE, WA 99201-0712
(509) 624-9515

950 PACIFIC AVENUE
SUITE 650
TACOMA, WA 98402-4450
(253) 572-3636

402 EAST YAKIMA AVENUE
SUITE 420
YAKIMA, WA 98901-2760
(509) 453-7462

Page 1 of 4

**Date: 12/17/2018**
To: Portland VARO Voc Rehab office
From: Lawrence Stanfill El
Subject: Rebuttal letter
      RE: Portland VARO congressional inquiry response dated: 12/7/18

To whom it may concern,
I'm responding to the congressional inquiry response from supervisory vocation rehab counselor
Johnathan Berreth. It is true I filed a *ORM external complaint* refuting the alleged debt of $11,000
generated by the Portland Voc Rehab office under the basis of receiving housing allowance while
enrolled from Fall 2017 through June of 2018. It is also true that my complaint contains a grievance
against this office for discrimination.

- ORM's Kim Lenox from Bay Pines, Florida VARO chapter 31 counselor who contacted me
  while in a concurrent meeting with my new chapter 31 counselor Vincent Dimone Vancouver,
  WA on or about 10/30/2018. Ms. Lenox knew I was in a meeting and Ms. Lenox failed
  reschedule the call back after I informed her I was in that meeting. Thereby assuming my lack
  of response due to the concurrent meeting with my new counselor was acquiescence to the
  allegation of wrongfully receiving housing allowance in the first place. I informed Ms. Kim
  Lenox that I filed an electronic complaint documenting all the specifics of my said external
  complaint and grievance via email to a Cindy Bukowsky on 10/5/2018. Ms. Lenox's was solely
  basing her opinion of how I decided to spend the money received while on the call that day.
  Later I was asked by Ms. Lenox "how did you use the money we gave you? Well you should've
  kept it because the VA is going to need that back since you dropped those classes". In short the
  claimed over payment started by the Portland VARO Vocation Rehabilitation office counselor
  Mark Letterie; who's supervisor is Johnathan Berreth and department head Melissa Bay aught to
  have been informed when I informed Mark Letterie 2/19/2018 for our very first face to face
  meeting documented via text message dated 2/15/2018.
- I informed Mark Letterie I was hit by a car 12/19/2018 and that my lower back would probably
  need surgery, but since it was so early in my treatment it would be very hard for me to tell the
  full extent of my injury since I wasn't a surgeon. He then informed me that he would be having
  Neck fusion surgery and would be out of the office so he wanted me to contact him by phone. I
  told him it would be very difficult for me to go to class given the treatment I was receiving and
  that I needed a doctor bill for Legacy urgent care paid for (Dr. bill still never covered).
  However that being said I attempted to go to class, but there was no guarantee I would pass my
  classes given the extent of my treatment to my injury. I also informed Mr. Letterie in april of
  2018 I would a medical withdrawal at Portland State University due to being hit my a motor
  vehicle. Thereby taking the summer off, but would reenroll september 2018 for the Fall session.
  At which point Mark Letterie never once tried to call me back after my petition was approved
  by the institution to refund the VA it's tuition money as discussed during our call in april of
  2018. I reached out to him via phone after leaving copies of the approved petition from PSU at
  the Portland VARO only to be returned with silence.
- I attempted to let Mr. Letterie know so we could also schedule a meeting with me since we've
  only met 1 time in person over the course of three years, but in hindsight it would seem my
  efforts were in vain.
- I am accusing Mr. Letterie of not having any interest in being my counselor anymore if he in
  fact ever did at any point, which is why he never returned my calls after I turned in said

documents to his office. He clearly ignored my calls, voicemails, text messages, and emails from Travis Wright on my behalf. Mr. Letterie disrupted my chapter 31 program and claimed I never made contact with him by way of a letter he claims he mailed out to me, but never got to me in spite of the physical existence of letters on my behalf from PSU's dean of student life along with Dr. bills from Legacy's urgent care; all of which were turned into him.

- Discrimination against me by telling me I'd never make it to law school rendering his opinion even though physical letters existed in my possession of certain law schools offering me up to 50% in scholarships based on the CAS program located on the LSAC website; which identifies students based on the institution requirements and the students credentials. In other words the school find the student based on whatever the institutions needs are.

- Mark Letterie changed my 1905 Plan against my will and later Mr. Berreth in his most recent response to the congressional inquiry by Patty Murry's office makes the claim that my "case file was close out appropriately" and further alleges that I "took classes not part of my Geography degree program endorsed by the VA". Mark Letterie told me after I was arrested while taking finals on 12/6/2018 whereas I was charged with Burglary and allegations of a domestic violence violation restraining order; to drop my Minor Certificate in G.I.S as a cartographer because he specifically was changing my 1905 and I responded saying I would change my degree plan to reflect that. I was never barred from enrolling at PSU by the VA or PSU and am not sure how Mr. Berreth came to such a conclusion since him and I never spoke regard my educational progress nor any of his slander regarding my behavior at PSU which somehow led to my arrest??? 12/6/2017 I was arrested based on a warrant for my arrest out of Clark County Washington a report from my child's mother to Vancouver Police Detective Aldridge was used to gain said warrant of an incident I was accused of earlier that year in August of 2018. Conveniently no witnesses of my child's mother story of a burglary were ever documented, nor any signs of forced entry, and most of all absent was any communication between myself and her at any point of her restraining order.

- 12/5/2018 While during the middle of trial the Domestic Violence unit's DA John Ferra was fired as a direct result of my case; in gaining a warrant for my arrest after not having any evidence in the first place, with absolutely no evidence to suggest I had any involvement in the matter was prosecutorial misconduct. Furthermore my case was Dismissed that day WITH prejudice. This case absent of ANY evidence that suggested I had any involvement whatsoever to a burglary or DV restraining order against my child's mother. Johnathan Berreth must've known all of this when he concluded in his letter that my "disruptive behavior incidents at PSU and VARO is what led to my arrest".

- November of 2016 I was awarded Sole legal custody of my daughter Aaniyah who is a 7 year old girl. My child's mother fabricated a story of burglary in a two story apartment in Vancouver, WA in attempt to gain leverage for the custodial matter in Multnomah county. In other words if I were to be arrested for DV or burglary and be charged it would show in her favor that I'm a bad guy and felon who clearly shouldn't be responsible for our child. This nefarious attempt was a bogus allegation at best and this police report by detective Aldridge should've never gained a warrant or further made it to trial. thus the dismissal 12/5/2018 speaks for itself because the DA's office could've continued to press the issue for at least another year, but did not once evidence came to light about what transpired in Multnomah county Family Law in November of 2016.

- Mr. Berreth's allegations of disruptive behavior and barriers of employment are slanderous in nature given the fact that he knows nothing regarding my legal adversities outside of making

strides and attempts to go to law school itself. His lack of respect for me is evident in that Mr. Berreth would attempt to mislead Ms. Murry's office with responses like these. Mr. Berreth claims that I've been in chapter 31 for 6 years with seemingly nothing to show for it; I'm curious to know if he listens at all to Vincent Dimone who has conveyed to Mr. Berreth in letter form concerns of opposition i've encountered as student at PSU by being discriminated against in the past based on race. Please see Equity and Compliance investigation completed by Julie Carron 2014 which describes Douglas Lee professor of the PSU History department where I took a cluster class over the summer of 2012 graduated from Le Cordon Bleu Portland. This investigation concludes that on two separate counts Professor Lee discriminated against me based on race. If Mr. Berreth knew this and still decided to claim he has concerns about my behavior which led to why i've been in VRE for a 6 year span that would be a deceptive lie on his part and make him a knowing participant to collusion with Mr. Letterie in a subtle attempt to remove me from Chapter 31 while at Portland State University; which is exactly what i'm accusing him of at this point.

- If he had no knowledge of these things it would've been best for him to either say nothing about what he knows nothing about or become informed by way of communicating with me. Either way my accusation is as follows: Mr. Berreth colluded with his good friend Mark Letterie to have me removed from the chapter 31 program when he found out about Portland State police being called on me 5/1/2018 for attempting to drop my classes. 6/8/2018 a letter from the Dean of student life came out with a court ruling that was held that day findings were I had NOT violated the student code of conduct policy by asking the institution for help in the form of a petition after being hit by a car and needed a medical withdrawal that was later granted. Furthermore Mr. Berreth is steadily concealing the truth about wether or not a letter was ever mailed to me regarding a notice of me somehow not making contact with his friend and cor worker who is less than one year from retiring Mark Letterie. Additionally Mr. Berreth is claiming my case file was closed out based on a lack of response to letter that I believe was never sent to my physical address 5720 NE 47th Street Vancouver, WA 98661 or the post office 715 NW # 6087 Hoyt street Portland OR 97228. Lastly Mr. Berreth is making the claim that behavioral barriers exist with regard to my employment and feasibility to reach an employment outcome; additionally I'm using chapter 33 entitlement and can't use that simultaneously with chapter 31.

- Mr. Berreth is a supervisor to Mark Letterie which implies that he isn't on the bottom end of the totem pole in regard to his rank as a VARO chapter 31 counselor. Mr. Berreth should know that in 2012 I signed over my chapter 33 entitlement benefits to chapter 31. Needless to say I don't have any active chapter 33 entitlement thus my chapter 31 Benefits should've been granted to me at the beginning of the Fall 2018 term of which is now past due. In other words for over three months I haven't received entitlement and Mr. Berreth knows this because it's contained in the case file that he claims was appropriately closed. Not only does he know that I don't have benefits, but has colluded with Mr. Letterie to close out my file in spite of others attempting to make contact with my chapter 31 counselor on my behalf and even if Mr. Letteire was out i'm not sure how Mr. Berreth didn't know to check on Mr. Letteire's students while he was on medical leave for his neck surgery... When Mr. Letterie returned off his leave still never responded to Travis Wright while my case file was open. Travis Wright reached out to Mr. Letteire beginning August 23rd 2018 at 4:05pm and september 10th 2018. on 9/13/2018 (the date my case file was set closed) 10:35am Mr. Letterie reached out to Travis Wright asking for an ROI to be able to speak with him. I came back to the Portland Vet Center to sign the said ROI so that Melissa Bay could speak Travis directly and was emailed the ROI 9/21/2018.

I was blackballed out of the Chapter 31 Vocation Rehabilitation program by Mark Letterie who wanted very little to do with me because if for nothing else he is one year away from retiring. His friend Johnathan Berreth covered his trail the entire time and is alleging that I never made contact with Mr. Lettereie who was out on medical leave and even in spite of being out on medical leave Mr. Berreth intentionally didn't contact me because he had even intention on ensuring I wouldn't continue in the current 1905 program for lack of response. I later asked Melissa Bay if it were possible for someone to put a letter of discontinuation in my file claiming they sent it out, but in fact never did? Her response was "that's impossible, in fact everyone else in Portland receives their letters". I find it interesting that Melissa Bay knew nothing of the incident where I was called a Nigger by Jay Coleman in spite of me submitting an affidavit to my counselor Kenneth Mcmillion at the time to be placed in my file and this is after reporting it to Mr. Satterwhite (VA employee who works at the Portland VA RO) who documented this incident as well. Wether or not Ms. Bay knew of this incident is regardless of the fact that I've dealt with unwelcoming opposition specifically from the Portland VARO Vocation Rehabilitation office in the past as well as in the current. Ms. Bay encouraged me to re apply for chapter 31 benefits after I sent her an email with a text message between myself and Mr. Letterie demonstrating communication by me towards Mr. Letterie prior to my case file being officially closed on 9/11/2018 and informing her that I never received a letter at all, but had concerns about Mr. Letterie not returning my calls. This was a subtle attempt to remove me from the program and if I didn't know any better it would seem like collusion in-conjunction with steady concealment on behalf of the Portland VARO vocation rehabilitation office. If an investigation from my external complaint comes to light proving what I'm accusing these individual doing I have every intention on holding that office accountable for actions taken against me as well as serving notice of my intention to sue. Any and all information Mr. Berreth gained from his fraternizing friend Mr. Letterie is second hearsay at best and for writing a letter slanderous in nature accusing me of things concerning my arrest can hold him personally liable for a suit as well.

If you would like to contact me by email: stanfil2@pdx.edu
by phone: 971.207.5470
By mail: 5720 NE 47th Street Vancouver WA 98661.

Thank you for your time and consideration
Sincerely yours,

Lawrence Stanfill El

**PATTY MURRAY**
WASHINGTON

COMMITTEES:
APPROPRIATIONS
BUDGET
HEALTH, EDUCATION, LABOR,
AND PENSIONS
VETERANS' AFFAIRS

## United States Senate

WASHINGTON, DC 20510–4704

January 14, 2019

Mr. Lawrence Stanfill, El
5720 NE 47th St
Vancouver, WA 98661

Dear Mr. Stanfill:

In reply to my inquiry on your behalf to the Department of Veterans Affairs, I received the following response dated 1/14/2019:

*"Thank you for your inquiry on behalf of Veteran, Lawrence Stanfill El. In your email dated 1/10/2019 you stated that Mr. Stanfill El asked you to follow up directly with us and share his rebuttal letter, submitted in response to our prior correspondence dated 12/27/2018 and 12/28/2018.*

*We reviewed Mr. Stanfill El's rebuttal, which doesn't change our position. If Mr. Stanfill El disagrees with our decision, he can file an appeal.*

*We appreciate your continued interest in our Veterans and their families.*

*Sincerely,*

*Kevin Moore*
*MST Outreach Coordinator/Congressional Liaison*
*Legal Administrative Specialist (PCOS)*
*Portland VA Regional Office*

Thank you for reaching out to me and for your service to our nation. I hope this information will be helpful to you in your next course of action. If I can be of assistance in any other federal matter, please do not hesitate to contact Bryan Stebbins in my Vancouver office at (360) 696-7797 or by fax at (360) 696-7798.

Sincerely,

*Patty*

Patty Murray
United States Senator

PM\bs

154 RUSSELL SENATE OFFICE BUILDING
WASHINGTON, DC 20510–4704
(202) 224-2621

THE MARSHALL HOUSE
1323 OFFICER'S ROW
VANCOUVER, WA 98661–3856
(360) 696-7797

2930 WETMORE AVENUE
SUITE 903
EVERETT, WA 98201–4107
(425) 259-6515

2988 JACKSON FEDERAL BUILDING
915 2ND AVENUE
SEATTLE, WA 98174–1003
(206) 553-5545
TOLL FREE: (866) 481-9186

website: http://murray.senate.gov
e-mail: http://murray.senate.gov/email

PRINTED ON RECYCLED PAPER

10 NORTH POST STREET
SUITE 600
SPOKANE, WA 99201–0712
(509) 624-9515

950 PACIFIC AVENUE
SUITE 650
TACOMA, WA 98402–4450
(253) 572-3636

402 EAST YAKIMA AVENUE
SUITE 420
YAKIMA, WA 98901–2760
(509) 453-7462



**DEPARTMENT OF VETERANS AFFAIRS**
**Debt Management Center**
**Bishop Henry Whipple Federal Building**
**1 Federal Drive, Suite 4500**
**Fort Snelling, MN  55111-4050**

January 18, 2019

The Honorable Patty Murray                    In Reply Refer To:
United States Senator                         189     00/47B
Attention: Bryan Stebbins                     CSS XXX-XX-4790
1323 Officers Row                             STANFILL EL, Lawrence M.
Vancouver, WA  98661

Dear Senator Murray:

Thank you for your inquiry concerning the Chapter 31 Vocational Rehabilitation Education debt of Mr. Lawrence M. Stanfill El.

Our records indicate the Department of Veterans Affairs (VA) Regional Office (RO) in Portland, Oregon responded to a similar inquiry from your office on December 27, 2018.  We have enclosed a copy of the letter for your records.

Mr. Stanfill El's initial Chapter 31 Vocational Rehabilitation Education debt was established in May 2018 by the VA RO in Boise, Idaho.  On May 2, 2018, the RO advised him that they had reduced his benefits because they received a Notice of Change in Student Status from his school that he had decreased his training time.  The adjustment created a debt of $5,805.80. The RO made an additional adjustment to his education benefits in September 2018 which caused his debt to increase by $5,655.00 resulting in a total balance of $11,460.80.  He is responsible for all debts resulting from reductions or terminations in his enrollment.

Debts due the VA are referred to our office for collection.  We advised Mr. Stanfill El of the initial debt and his appellate rights by letter dated May 2, 2018 and debt increase on September 6, 2018.  Our letters also advised him that we would begin withholding $956.00 of his monthly compensation benefits to repay his debt unless he contacted our office to establish a reduced withholding.  The VA is required under Title 38 United States Code Section 5314 to withhold VA benefit payments and apply them to an outstanding VA debt.  When we did not receive a response, $956.00 of his September 2018 benefit payment was withheld and applied to reduce his balance to $10,504.80.

Our office received Mr. Stanfill El's Financial Status Report (FSR) requesting a reduced withholding of $0.00 a month on September 25, 2018.  The VA debt collection standards require a debt be paid in a reasonable amount of time considering the size of the debt and the debtor's ability to pay.  Due to the age and size of debt, we regret we are unable to accept his request for a reduced withholding of $0.00 a month.  However, we took action to reduce the withholding to $320.00 a month.  This extends the repayment of the debt to approximately three years.  Our office also issued him a refund of $636.00 on October 9, 2018.

2

The Honorable Patty Murray

CSS XXX-XX-4790          STANFILL EL, Lawrence M.

This represents the amount withheld from his September 2018 benefit payment less the established withholding of $320.00 a month. After the refund was processed, Mr. Stanfill El's balance totaled $11,140.80. We received a total of $960.00 in withholdings between October 2018 and December 2018 which reduced the balance to $10,180.80.

Mr. Stanfill El submitted a waiver request on September 26, 2018. The Committee on Waivers and Compromises (COWC) in Saint Paul, Minnesota granted his waiver for the debt of $11,460.80 on December 20, 2018. Our office also issued him a refund of $1,280.00 on January 11, 2019. This represents the amount of benefits withheld and applied to his debt prior to the waiver being granted. We have taken action to reduce the account balance to $0.00.

The Debt Management Center does not process or calculate VA benefits or VA debts and we do not possess the authority to determine benefit eligibility. This is a matter that falls under the jurisdiction of the VA RO in Boise, Idaho. Our records indicate Mr. Stanfill El currently has a pending claim at that office. If he has additional questions regarding his eligibility to VA education benefits, the establishment of the debt, or how his pending claim may affect his debt, he should contact the Portland RO toll-free at (800) 827-1000.

Your interest on behalf of Mr. Stanfill El is appreciated.

Sincerely yours,


/Julie Lawrence/
Assistant Chief of Operations

Enclosure

121818 VARO Congressional Response

**PATTY MURRAY**
WASHINGTON

COMMITTEES:
APPROPRIATIONS
BUDGET
HEALTH, EDUCATION, LABOR,
AND PENSIONS
VETERANS' AFFAIRS

## United States Senate

WASHINGTON, DC 20510–4704

January 2, 2019

Mr. Lawrence Stanfill, El
5720 NE 47th St
Vancouver, WA 98661

Dear Mr. Stanfill:

In further reply to my inquiry on your behalf to the Department of Veterans Affairs, I received the following response dated 12/28/2018:

*"Mr. Lawrence Stanfill El's Vocational Rehabilitation and Employment (VR&E) file was closed on 09/13/2018. Mr. Stanfill El called Ms. Melissa Bay, VR&E Officer, on 09/20/2018 stating he did not receive due process. Ms. Bay informed Mr. Stanfill El that his file indicated due process was sent on 08/14/2018, and if he was in need of VR&E services, he could reapply and be evaluated for an entitlement determination.*

*Mr. Stanfill El reapplied for VR&E services on 10/08/2018 and was seen for an initial evaluation on 10/30/2018. Mr. Stanfill was found entitled to VR&E services with feasibility for employment uncertain.*

*Per 38 CFR 21.198(c), for prior discontinued cases, the Vocational Rehabilitation Counselor (VRC) must explore the reasons for prior discontinuance to determine if they have been removed and explain the decision. If the comprehensive evaluation reveals that the reason(s) for prior case closure cannot be removed, regardless of whether the basic entitlement criteria are met, the VRC will inform the Veteran that he/she is not entitled to further benefits because the reasons for prior program closure have not been resolved.*

*Important to note, Mr. Stanfill El was involved in a physical altercation in 2013 at the Portland Regional Office (RO). At the time of the altercation, Mr. Stanfill El was a work study student. Mr. Stanfill El and another Veteran, who was also a work study student, had a physical altercation at the RO which resulted in Mr. Stanfill El punching the other Veteran several times. The other Veteran sought medical attention at a nearby hospital due to the severity of his injuries.*

*Mr. Stanfill El was charged and found guilty of assault (please see attached, page 3, section I. Background). Mr. Stanfill El's VR&E file remained open, incorrectly, after the assault. Per VR&E Manual, M28R, Part III, Section C, Chapter 6, it is essential that all VR&E staff and Veterans know that there is a clear policy of zero tolerance for workplace violence, verbal and*

154 RUSSELL SENATE OFFICE BUILDING
WASHINGTON, DC 20510–4704
(202) 224–2621

2930 WETMORE AVENUE
SUITE 903
EVERETT, WA 98201–4107
(425) 259–0515

2988 JACKSON FEDERAL BUILDING
915 2ND AVENUE
SEATTLE, WA 98174–1003
(206) 553–5545
TOLL FREE: (866) 481–9186

10 NORTH POST STREET
SUITE 600
SPOKANE, WA 99201–0712
(509) 624–9515

950 PACIFIC AVENUE
SUITE 650
TACOMA, WA 98402–4450
(253) 572–3636

THE MARSHALL HOUSE
1323 OFFICER'S ROW
VANCOUVER, WA 98661–3856
(360) 696–7797

website: http://murray.senate.gov
e-mail: http://murray.senate.gov/email
PRINTED ON RECYCLED PAPER

402 EAST YAKIMA AVENUE
SUITE 420
YAKIMA, WA 98901–2760
(509) 453–7462

PATTY MURRAY
WASHINGTON

COMMITTEES:
APPROPRIATIONS
BUDGET
HEALTH, EDUCATION, LABOR,
AND PENSIONS
VETERANS' AFFAIRS

## United States Senate

WASHINGTON, DC 20510-4704

nonverbal threats, and related actions. Criteria for identifying Veterans whose behavior may pose a threat to the safety of VR&E employees include:

1. Credible verbal threats of harm against specific individuals, staff or VA property.
2. History of physical violence.
3. Documented acts of repeated violence against others.
4. History of repeated nuisance, disruptive, or larcenous behavior.
5. History of sexual or physical harassment toward VA staff.

Mr. Stanfill El's history of violence remains a concern for the safety of Ms. Bay's staff. Mr. Stanfill El's VR&E file should have been immediately closed after the 2013 physical assault on another Veteran at the Portland RO.

If it is determined that the reason(s) for prior discontinuance have not been removed, Mr. Stanfill El's VR&E file will be closed. A discontinuance letter will be sent to Mr. Stanfill El along with Appellate Rights (VAF 4107VRE). If Mr. Stanfill El disagrees with the discontinuance of his VR&E file, it is his right to appeal the decision."

Thank you,

Carol J. Roane
Acting Director
Portland and Anchorage Regional Offices

Thank you for reaching out to me and for your service to our nation. I hope this information will be helpful to you in your next course of action. If I can be of assistance in any other federal matter, please do not hesitate to contact Bryan Stebbins in my Vancouver office at (360) 696-7797 or by fax at (360) 696-7798.

Sincerely,

Patty

Patty Murray
United States Senator

PM\bs

154 RUSSELL SENATE OFFICE BUILDING
WASHINGTON, DC 20510-4704
(202) 224-2621

2930 WETMORE AVENUE
SUITE 903
EVERETT, WA 98201-4107
(425) 259-6515

2988 JACKSON FEDERAL BUILDING
915 2ND AVENUE
SEATTLE, WA 98174-1003
(206) 553-5545
TOLL FREE: (866) 481-9186

10 NORTH POST STREET
SUITE 600
SPOKANE, WA 99201-0712
(509) 624-9515

950 PACIFIC AVENUE
SUITE 650
TACOMA, WA 98402-4450
(253) 572-3636

THE MARSHALL HOUSE
1323 OFFICER'S ROW
VANCOUVER, WA 98661-3856
(360) 696-7797

website: http://murray.senate.gov
e-mail: http://murray.senate.gov/email

PRINTED ON RECYCLED PAPER

402 EAST YAKIMA AVENUE
SUITE 420
YAKIMA, WA 98901-2760
(509) 453-7462

**EXHIBIT "N"**

**PATTY MURRAY**
WASHINGTON

COMMITTEES:
APPROPRIATIONS
BUDGET
HEALTH, EDUCATION, LABOR,
AND PENSIONS
VETERANS' AFFAIRS

## United States Senate

WASHINGTON, DC 20510–4704

January 2, 2019

Mr. Lawrence Stanfill, El
5720 NE 47th St
Vancouver, WA 98661

Dear Mr. Stanfill:

In reply to my inquiry on your behalf to the Department of Veterans Affairs, I received the
following response dated 12/27/2018:

*"Thank you for your inquiry on behalf of Veteran, Lawrence Stanfill El. In your email you stated
that Mr. Stanfill El was experiencing difficulties with the Department of Veterans Affairs and our
previous response dated December 7, 2018, did not address some of his concerns.*

*On December 20, 2018, the Committee on Waivers and Compromises granted Mr. Stanfill El a
waiver of $11,460.80 due to a Chapter 31 Vocational Rehabilitation debt. For your reference
attached is a copy of VA Form 4-1837, Decision on Waiver of Indebtedness.*

*In section two of Mr. Stanfill El's Privacy Act Release form, he describes a series of medical
procedures and related expenses. We referred these concerns to the Portland VA Medical Center
Congressional Liaison, Cary E. Jones, for direct response.*

*Mr. Stanfill El claimed he was racially discriminated against by VA employees. It is the official
position of the Department of Veterans Affairs that no person shall be subjected to
discrimination under any Department of Veterans Affairs' program or activity receiving Federal
financial assistance. Enclosed is a copy of the VA External Discrimination Complaints Program
for Mr. Stanfill El, in case he would like to pursue filing a complaint.*

*The Veteran also claimed his Vocational Rehabilitation 1905 plan was changed against his will,
despite his good standing with Portland State University and progress towards his degree. This
matter has been referred to the Vocational Rehabilitation and Employment Division for their
direct response.*

154 RUSSELL SENATE OFFICE BUILDING
WASHINGTON, DC 20510–4704
(202) 224–2621

2930 WETMORE AVENUE
SUITE 903
EVERETT, WA 98201–4107
(425) 259–6515

2988 JACKSON FEDERAL BUILDING
915 2ND AVENUE
SEATTLE, WA 98174–1003
(206) 553–5545
TOLL FREE: (866) 481–9186

10 NORTH POST STREET
SUITE 600
SPOKANE, WA 99201–0712
(509) 624–9515

950 PACIFIC AVENUE
SUITE 650
TACOMA, WA 98402–4450
(253) 572–3636

THE MARSHALL HOUSE
1323 OFFICER'S ROW
VANCOUVER, WA 98661–3856
(360) 696–7797

website: http://murray.senate.gov
e-mail: http://murray.senate.gov/email

PRINTED ON RECYCLED PAPER

402 EAST YAKIMA AVENUE
SUITE 420
YAKIMA, WA 98901–2760
(509) 453–7462

**PATTY MURRAY**
WASHINGTON

COMMITTEES:
APPROPRIATIONS
BUDGET
HEALTH, EDUCATION, LABOR,
AND PENSIONS
VETERANS' AFFAIRS

# United States Senate
WASHINGTON, DC 20510–4704

*We appreciate your continued interest in our Veterans and their families and we hope this addresses your concerns regarding Mr. Stanfill El."*

*Carol Roane*
*Acting Director*
*Portland and Anchorage VA Regional Offices*

Thank you for reaching out to me and for your service to our nation. I hope this information will be helpful to you in your next course of action. If I can be of assistance in any other federal matter, please do not hesitate to contact Bryan Stebbins in my Vancouver office at (360) 696-7797 or by fax at (360) 696-7798.

Sincerely,

Patty Murray
United States Senator

PM\bs

154 RUSSELL SENATE OFFICE BUILDING
WASHINGTON, DC 20510–4704
(202) 224–2621

THE MARSHALL HOUSE
1323 OFFICER'S ROW
VANCOUVER, WA 98661–3856
(360) 696–7797

2930 WETMORE AVENUE
SUITE 903
EVERETT, WA 98201–4107
(425) 259–6515

2988 JACKSON FEDERAL BUILDING
915 2ND AVENUE
SEATTLE, WA 98174–1003
(206) 553–5545
TOLL FREE: (866) 481–9186

website: http://murray.senate.gov
e-mail: http://murray.senate.gov/email
PRINTED ON RECYCLED PAPER

10 NORTH POST STREET
SUITE 600
SPOKANE, WA 99201–0712
(509) 624–9515

950 PACIFIC AVENUE
SUITE 650
TACOMA, WA 98402–4450
(253) 572–3636

402 EAST YAKIMA AVENUE
SUITE 420
YAKIMA, WA 98901–2760
(509) 453–7462

**Date: 1/6/2019**
To: Portland VARO Director Carol Roane
From: Lawrence Stanfill El
Subject: Resonse to congressional Inquiry
    RE: Congressional Inquiry response from Carol Roane dated: 1/2/19

Dear Carol Roane,

I'm responding to the most recent letters that I received from Senator Patty Murry's office here in Vancouver, Washington dated 1/2nd/2019. I appreciate your enclosed complaint form on how to go about filing a formal complaint regarding of an incident when I was called a nigger by Jay Coleman (front desk staff member) at the Portland VARO 7/8/2011. Since then Mr. Coleman has retired and reporting additional complaints hereafter would seem counterproductive. I am assuming by the tone of your most recent response you as well as others in the VR&E Portland office have the impression that my case file was closed appropriately 9/13/2018. Additionally you assert that it is important to note the April 2011 incident where I had an altercation with Kyle Carmine; who I was replacing on 4th floor during my work study program at the Portland VARO IT department. You further assert that my case file should've been closed in 2013. I'm assuming since this happened in 2011 you are referring to the conviction and appeal denial of 2013.

One of the main issues I have with the Portland VARO at this time is that on 9/13/2018 my case file was being closed against my will; by Mark Letterie who's direct supervisor is Johnathan Berreth and with the help of Department head Melissa Bay coordinated this subtle attempt to have my case file closed. I've made my position clear to Gary Richardson EEO in D.C and now I'm making it clear to you that not only was my case file closed but I'm accusing various members inside of the Portland VARO Vocation Rehabilitation office of collusion in an effort to have my case file closed. Namely Mark Letterie who was my counselor and only met with me one time 2/19/2018 in person for the entire span of time he was my counselor. I've sent him text messages 9/11/2018 prior to my case file being closed as well as dropped off material in person to him at the Portland VARO in June of 2018. Yet and Still after him having spinal neck fusion surgery and being out of his office for an undisclosed amount of time I am being accused of not making contact with him. Furthermore I have in my possession outgoing calls made to him prior to the closure of my file and have provided them to congress in an effort to prove that I not only attempted to make contact, but was ignored just like Travis Wright was who attempted to communicate with him on my behalf several times before the closer of my case file I got closer to enrolling at PSU for the fall term of 2018. Copies of Travis Wrights emails may be provided to you upon request in the event that Mark Letterie doesn't personally turn them over to you. Lastly when I called Melissa Bay and asked her if it were possible that someone could claim to have sent a discontinuation letter, but place it in my file she claimed "no thats impossible". I'm accusing Mark Letterie of not only doing that, but additionally fraternizing with Johnathan Berreth who happens to be his supervisor. The same person who I believe was responsible for returning Mark Letterie's phone calls while Mark was out of the office due to his neck fusion surgical procedure and never once reached back out to me, but later accused me of not following policy "reporting enrollment changes in a timely manner, disruptive behavior both at the VARO and PSU, that led to my arrest". So in short I'm not sure how Mr. Berreth came to such a conclusion. I would respond to that by saying I in no way didn't report enrollment changes in time nor have disruptive behavior at either PSU or the Portland VARO in spite of my conviction of assault on Kyle Carmine in 2011, or anything while attending at PSU. In fact I have a letter from the Portland State University Dean of Student life who actually held a hearing to determine if any wrong doing was done 5/1/2018 when I attempted to drop classes and it turned out that I did nothing wrong. Therefore Mr. Berreth has some sort of forgone conclusion that

because I at some point decided to defend myself April of 2011 at the Portland VARO I somehow have disruptive behavior. In spite of an assault in the fourth degree guilty conviction I'm still not sure how he came to that conclusion nor am I sure why his assertion of me being arrested while taking finals at Portland State on 12/6/2016 had anything to do with my behavior. In fact my arrest of 2016 was dismissed with prejudice and I was exonerated; but I'm confused as to how after a year of being put on trial and finishing classes at PSU, how did my behavior lead to a warrant of my arrest while taking finals at PSU? Maybe he can speak to some sort of inside knowledge that he has that I don't concerning this matter. I was arrested shortly after having an uncomfortable conversation with Bruce Bowers (my previous professor from Le Cordon Bleu Portland) who got fired for threatening to kill me with a rolling pin documented in a police report from Portland State University Officer Troppe dated 10/11/2016 where Mr. Bowers later confesses these things during the second interview only after originally lying to police and denying knowing me during his first interview.

Ms. Roane the altercation between myself and Kyle Carmine did happen at the Portland VARO. Yes it is true I punched Mr. Carmine with my left hand multiple times. This is because my right hand is my dominant hand and I had right shoulder surgery on it approximately two weeks before this altercation. That by no means explains your assertion of our altercation being my fault. Mr. Carmine spit in my face which is how the altercation began. I was his replacement at that time and it's my opinion that he was a racist. however he openly admitted at trial that he in fact did spit in my face after asking me if I liked rap music then pushing me inside the cubical which is how our altercation actually began. for the record the citing officer who was Homeland security officer that wrote me the citation and I was never arrested. I would like to add that the citing officer was later relived of his duties for lying about how sick his son was in an effort to be put on total home makeover and when this came to light he in fact was fired with no ability to testify at my trial. When Portland police came on the scene it was determined that this was mutual combat and  they later testified to that. Kyle Carmine in this case refused to go to the VA it's strictly my opinion that this was being done in an effort to generate doctor bills at a nearby hospital which is how the U.S attorney's office picked this case up in the first place. Lastly the weapon used to give Mr. Carmine his sustained injuries was my engagement ring. So in-spite of your Appellate judgement dated 2013 that you sent Patty Murry's office. None of which in my defense even gives contextual relevance to why the altercation happened,  how it came about, or anything of significant value outside of the obvious fact that I was convicted of a petty offense and was fined. I'm of the opinion that this doesn't speak to any sort of ongoing issue that I may have at all. Certainly I agree that fighting shouldn't be tolerated in the workplace and I would say neither racial slurs (Jay Coleman) nor spiting in one's face should be tolerated either. I myself think everyone has a right to defend themselves in situations like these without compromising their integrity no matter the location regardless of popular opinions including, but not limited to Ms. Bay and her staff.

I read a portion of your response that alluded to credible threats to harm, history of physical violence, documented acts of repeated violence, history of nuisance or disruptive behavior, history of sexual harassment toward VA staff. Ms. Roane you assert that a history of violence remains a concern for Ms. Bay's staff and that my case file should've been closed after my conviction in 2011. I would argue that there has been no history of violence proven to this date. I'm certain that a one time issue over seven years ago that resulted in a fight inside the Portland VARO is not a history of violence by any stretch of the imagination. How is it that Ms. Bay's staff is fearful of me and how did they come to this conclusion? Is it because I am alleging wrongdoing by her in closing out my case file with regard to how they went about closing my case file in spite of me making contact with Mark Letterie? Well if anyone aught to be fearful of anything I would say I should be fearful of how Portland VARO

employee's can seemingly get away with racial slurs and only to be responded to years after they have retired, by the acting director; or even in my case file being closed after members of the VR&E colluded in a subtle attempt to never give me proper notice of my case file being closed documented by Melissa Carlson out of the Saint Paul Minnesota office who documented how the Portland VARO VR&E Counselor Mark Letterie never sent notice of an original debt to begin with therefore it stands to reason that if he never sent a debt notice it may very well be possible that he never sent a discontinuation letter either. I believe this is because he wanted me out of the program which is why he never met with me except for one time out of years and thus my discrimination complaint against him is legit and has merit yet to date hasn't been investigated appropriately by EEO. In fact Mr. Gary Richardson has yet to even make contact with me in regards to how I was in fact mistreated which lets me know that this process that I just engaged in was merely a ploy at best to give the appearance of an investigated matter, but in fact was color of law only to give the perception that actual due diligence was never given to this matter.

If you would like to contact me by email: stanfil2@pdx.edu
by phone: 971.207.5470
By mail: 5720 NE 47th Street Vancouver WA 98661.

Sincerely yours,

Lawrence Stanfill El

| Term | Petitioning Body | Request | Student Justification for Request | Decision | Re-review? |
|------|-----------------|---------|-----------------------------------|----------|-----------|
| 201203 | Equity & Compliance | Drop & Refund: HST 322U | Equity and Compliance concerns | Full drop and refund for HST 322U. | Already granted. |
| 201204 | Scholastic Standards | Grade Change: BST 414U | Requesting a grade change based on discrimination. | Not Reviewed, this would be either an Academic Appeal to the department or a complaint to Equity and Compliance. | SSC has no purview over grade to grade changes.re |
| 201204 | Deadline Appeal Committee | Drop & Refund: HST 348 | Legal, family, medical and personal circumstances. | Withdraw, no refund granted. | This is not under the perview of SSC, and would not be re-considered this late by the DAC based on how much time has passed. |
| 201301 | Deadline Appeal Committee and Equity & Compliance | Drop & Refund all courses | Equity and Compliance concerns | Full drop and refund for all courses in term. | Already granted. |
| 201502 | Scholastic Standards | Grade Option Change: SCI 335U | Family emergency, would like to change to P/NP. | Course changed to P/NP. | Already granted. |
| 201602 | Scholastic Standards | Drop & Refund or grade change: JST 380U | Had a lot going on during term, in and out of court, difficult to come to class. | Denied, committee feels posted grade was appropriate. | |
| 201702 | Deadline Appeal Committee | Drop & Refund: GEOG 364U, GEOG 380L, GEOG 380U, GEOG 497, STAT 243 | Medical Issues, Disability student protected under ACA, instructors will not give incompletes, asking for a medical withdrawal. | Denied drop & refund based on how long he attended classes and instructors confirmation of accommodations and attempts at accommodations that went beyond what was afforded by DAC. Approved for Withdraw with no refund. | The withdraw was already given based on a re-submission to the DAC. The petition was denied completely the first time. |
| 201802 | Deadline Appeal Committee | Drop & Refund: GEOG 340U, GEOG 446, STAT 243 | Court problems 12/6/2016 - 12/5/2017, and car accident 12/19/17. | Full drop and revund for all three courses. | Already granted. |

# SCHOLASTIC STANDARDS COMMITTEE
## PETITION ACTION

Name _Lawrence, Stanfull_ ID/SSN _922287254_

Term and year _2018 Wi_  Course _GEOG 340U, GEOG 446, STAT 243_

Add retroactively _____  Drop retroactively _✓_  Refund Tuition _✓_

Extend deadline to make up incomplete _____  Next completion date _____

Change grading option (last term only) _____  Reinstatement _____

Grade to Grade Change _____  Withdraw _✓_

| Decision | Comments | Refund Amount | | Sign/Date |
|---|---|---|---|---|
| Yes<br>No<br>5 | | 100%<br>40% | 70%<br>20% | |
| Yes<br>No<br>4 | | 100%<br>40% | 70%<br>20% | |
| (Yes)<br>No<br>3 | | (100%)<br>40% | 70%<br>20% | ThSd<br>5/16/18 |
| (Yes)<br>No<br>2 | 1χ | (100%)<br>40% | 70%<br>20% | DG<br>5-16-18 |
| (Yes)<br>No<br>1 | Did not attend<br>courses | (100%)<br>40% | 70%<br>20% | SPB<br>5/16/18 |

STUDENT STATEMENT
SCHOLASTIC STANDARDS COMMITTEE PETITION

**ADM REGISTRATION**

MAY 1 0 2018

Portland State University • Office of the Registrar
PO Box 751 • Portland, OR 97207-0751

**RECEIVED**

COMPLETE ALL SECTIONS (To expedite the process, please make sure this form is complete and accurate.)

Name: LAWRENCE STANFILL EI    ID/SSN: 922287254

Address: 715 NW HOYT ST #6057    Day Phone: 971 207 5470

PORTLAND, OR 97226    Major: GEOGRAPHY

Adviser: LAFRENZ, MARTIN

Are you receiving Financial Aid? (MANDATORY ANSWER) ____✓____ Yes _____ No

This petition is to waive the deadline to (check one):

_____ Add retroactively    ✓ Withdraw retroactively

_____ Change grade option, last term only    ✓ Drop retroactively

_____ Administrative grade change, over 1 year    ✓ Refund tuition charge

_____ Extend deadline to make up incomplete. Next completion date: _____

2 DAC
2 SSC
#31028

Course: GEOG 340 W GEOG 446,  CRN: 4/817, 41835,  Term: F (W) Sp Sm  Year: 2018
STAT 243    45303

Explanation: (Give a clear statement and REASONS; attach additional sheets if necessary.)

1. COURT PROCEEDINGS WHICH BEGAN DECEMBER 6TH 2016 - DEC 5TH 2017

2. CAR ACCIDENT 12/19/17: TREATMENT PREVENTS ME FROM GOING TO CLASS 3x WEEKLY.

3. WITHDRAW RETRO ACTIVELY IF POSSIBLE OR DROP RETROACTIVE

4. I WOULD LIKE TUITION REFUNDED FOR NOT ATTENDING, DUE TO CIRCUMSTANCES.

5. I CAN PROVIDE MEDICAL DOCUMENT THAT WILL BE PROVIDED UPON REQUEST.

6. SAME GOES FOR COURT PROCEEDINGS.

Student Signature: _____  Date: 5/11/18

Any information disclosed about child abuse or sexual assault/interpersonal violence may be subject to mandatory reporting requirements, which means that confidentiality cannot be guaranteed. To speak confidentially to a campus advocate prior to completing this form, please contact the Women's Resource Center at 503-725-5672 or the Queer Resource Center at 503-725-9742. For more information about campus resources and reporting obligations, please visit the following websites: http://www.pdx.edu/sexual-assault; http://www.pdx.edu/ogc/mandatory-child-abuse-reporting

OFFICE USE ONLY

Action: Approved, based on injuries from car accident

Date: 5/16/18

SSC Chair: mum

Student notified by: mail SW

Date: 16 May 18

Filing: Student's permanent folder

## INSTRUCTOR STATEMENT
### SCHOLASTIC STANDARDS COMMITTEE PETITION

**Portland State University • Office of the Registrar**
**PO Box 751 • Portland, OR 97207-0751**

**The instructor's statement, signature and date are *required* as part of this petition.** Please have your instructor verify your explanation of events leading to your petition. The instructor may choose to deliver their statement directly to the Office of the Registrar by campus mail or via email at registrar@pdx.edu, or give their statement to you directly or via email to for inclusion in the petition packet.

**Instructor:** This student is requesting to either, add or drop a course(s) retroactively, change a grading option, or extend the deadline to complete a course(s). In the case where a student failed to properly drop a class and either never attended or attendance was minimal, verification of attendance is critical for a refund. If you do not take formal attendance, indicate your best estimate of when the student stopped participating. Further, we seek your evaluation and/or support of the student's statement.

LAWRENCE Stanfill El   922287254
Name of Student         Student ID

6DEC 2016
Student's Last Date of Attendance

_____  _____
Instructor Signature        Instructor's Name (please print)

_____
Position

_____ _____ _____
Date      Institution      Department

Revised 11/17 – Registration | SSC petition-waive deadlines

NOTIFICATION OF ACTION
SCHOLASTIC STANDARDS COMMITTEE PETITION

Portland State University • Office of the Registrar
PO Box 751 • Portland, OR 97207-0751

Name: _LAWRENCE STANFELL E1_            Student ID: _922287254_

Address: _715 NW HOYT ST #6087_         Day Phone: _971 207 5470_

_PORTLAND, OR 97228_

Course: _GEOG 340U, GEOG 446,_ CRN: _41817, 41835_ Term: F ⓦSp Sm   Year: _2018_
_STAT 243_          _45303_ ------- DO NOT WRITE IN THE SPACE BELOW -----------

☒  Your petition to the Scholastic Standards Committee has been granted.

  ☒  The course has been dropped from your record.

  ☐  The course will be recorded as a "W" withdrawal on your record.

  ☒  Your drop date has been changed resulting in a refund of _100_ %.

  ☐  Your course has been added and tuition and fees now appear on your student account.

  ☐  Ask your instructor to submit a Supplementary Grade Report for the course when you have completed the course.

  ☐  The grade has been posted to your record.

  ☐  Incomplete(s) must be completed by (date) _____. Grades received by the registrar after this date are invalid and will not be posted.

☐  Your petition to the Scholastic Standards Committee has been denied for the following reason(s):

  ☐  Instructor documentation is required.

  ☐  Your petition contained insufficient documentation relating to why you could not meet the normal one year review deadline. The deadline will not be extended. Your request is beyond the committee's guidelines.

  ☐  Your petition is based on inadmissible grounds.

  ☐  Your petition is not supported by acceptable documentation.

  ☐  The grade option you indicated was not available for your course.

  ☐  The committee feels your case is not sufficient to warrant an exception.

☐  Comments: _It is your responsibility to drop courses by the posted deadlines. Please keep this in mind in future terms_ Although you have received a full or partial refund for tuition and enrollment fees, you are still responsible for 100% of your student insurance premium

Student Rights:   Although committee decisions are final, students have the right to include a statement contesting the decision in their educational records. To include such a statement, send a written request to PSU Office of the Registrar, PO Box 751, Portland, OR 97207-0751.

Sincerely,

_mam_

Scholastic Standards Committee Chair

Date: _5/16/18_

12/18/2018
Case 3:24-cv-00496-IM    Document 1    Filed 03/21/24    Page 64 of 75
murray-Iq:800/iq/StreamDownloader.aspx?path=&filename=12182018_53622PM_E-Mail Message 2018-12-13 04-09PM.html

**From:** Lawrence Stanfill El [stanfil2@pdx.edu]
**Sent:** Thursday, December 13, 2018 4:09:39 PM
**To:** Stebbins, Bryan (Murray)
**Subject:** Fwd: Following up

Sent from my iPhone

Begin forwarded message:

> **From:** Lawrence Stanfill El <stanfil2@pdx.edu>
> **Date:** December 12, 2018 at 2:50:27 PM PST
> **To:** Eric Scott <erscott@pdx.edu>
> **Subject: Fwd: Following up**

Mr Scott, this is an email from My new counselor under chapter 31 ( Voc rehab) education asking me to prepare a persuasive paper.

Sent from my iPhone

Begin forwarded message:

> **From:** "Dimone, Vincent P, VBAPORT" <Vincent.Dimone@va.gov>
> **Date:** November 6, 2018 at 4:38:32 PM PST
> **To:** "stanfil2@pdx.edu" <stanfil2@pdx.edu>
> **Subject: Following up**

Hello Lawrence –
I am working on your case and  having some resistance from various players. So, I want you to help me make the case for getting you back on track, and at least on the road to your Bachelor's degree, if not beyond.

In order to overturn the case discontinuation of September 13th by Lettiere and Berreth:

I need for you ( request ) that you prepare a cogent, well-organized statement explaining what you wish to  accomplish by returning to PSU, how that will help you move forward in work and life. Your statement should reflect good argument, grammar, spelling, esp. since you have mentioned your interest in legal studies. I suggest that you channel that  high energy and understandable anger into a persuasive essay (possibly up to 400-500 words) such that I will have a solid document to use to re-open your case as one being very feasible for successful career development and achievement. I received a statement from Travis Wright and want to have your essay as well to build a solid case for overturning the discontinuation. Focus on completing your Geography degree, including if you want, that advanced certificate in GIS programs. It would be good to state interest in  environmental issues. Once you complete that degree, if the job market for such is not promising or insufficient, then you could return with a re-application stating interest in studying environmental policies and law, and we might be able to  set up a new rehab plan for law school, but that would only come secondarily after your BS degree completion  and attempted initial job search.  You should also mention that

12/18/2018
Case 3:24-cv-00496-IM    Document 1    Filed 03/21/24    Page 65 of 75
murray-lq:800/lq/StreamDownloader.aspx?path=&filename=12182018_53622PM_E-Mail Message 2018-12-13 04-09PM.html

you intend to follow-through and keep in good contact with VR&E and your new VRC (me) since that was a specific reason for your case discontinuation in September.

In addition, Melissa Bay mentioned to me that at you have incurred a large debt (overpayment) of about $11,000. Can you explain this issue? But keep this separate from your personal essay.

If you follow through with the above request, I believe I can re-institute justifiably your VR&E plan. If you disagree with this approach, then your case will have to remain in discontinuation which is unfortunate. I think this is a reasonable approach and request and hope this all makes sense to you. If you decide affirmatively, then I would need your document within one week at most to avoid further possible delays.

Best regards,
Vince

*Vincent P. Dimone*, MS, MBA, CRC, LMHC, LPC, CDP
Vocational Rehabilitation Counselor
Portland VARO - VR&E at Vancouver VHA Campus
1601 East Fourth Plain Blvd.
Building 18, Room 170
Vancouver, WA 98661
Tel: (360) 759-1914
Fax: (360) 759-1679
vincent.dimone@va.gov

The Employment Center for Veterans  https://www.ebenefits.va.gov/ebenefits/jobs
http://www.benefits.va.gov/vocrehab/
http://www.va.gov/
"Vocation …the place where your deep *gladness* meets the world's deep *need*"
(Frederick Buechner)
CONFIDENTIALITY NOTE: This electronic transmission may contain information that is confidential or legally privileged. The information is intended only for the use of the individual(s) or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of such information is strictly prohibited. If you have received this transmission in error, please notify us immediately by telephone, or return e-mail.



# BOARD OF VETERANS' APPEALS

FOR THE SECRETARY OF VETERANS AFFAIRS

IN THE APPEAL OF                                    SS XXX XX 4790
   **LAWRENCE M. STANFILL-EL**              Docket No. 191004-41701
Represented by
   Disabled American Veterans

DATE: November 16, 2023

## ORDER

The discontinuance of Veteran Readiness and Employment (VR&E) services due to lack of cooperation or failure to participate was improper; restoration of services is granted.

## FINDINGS OF FACT

1. The Veteran was found entitled to VR&E benefits with a serious employment handicap and he and his vocational rehabilitation counselor (VRC) executed an Individualized Written Rehabilitation Plan (IWRP) in September 2014.

2. An August 2018 VRC letter interrupted the Veteran's plan and was subsequently discontinued in September 2018 for "failing to contact the VRC in over 90 days," despite the record reflecting the Veteran and his mental health counselor both contacted the VRC on multiple occasions during this time. The record further reflects the Veteran did not timely receive either VRC letter.

3. The record reflects the Veteran's case was mishandled and does not reflect that mitigating circumstances (if any) were taken into account, or that an attempt was made to arrange for services that might have assisted in remedying the situation which led to any unsatisfactory or uncooperative conduct on the part of the Veteran.

IN THE APPEAL OF
**LAWRENCE M. STANFILL-EL**

SS XXX XX 4790
Docket No. 191004-41701

## CONCLUSION OF LAW

The discontinuance of VR&E services under Chapter 31, Title 38 of the United States Code, was improper. 38 U.S.C. § 3111; 38 C.F.R. §§ 21.198, 21.362, 21.364.

## REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served on active duty from September 2006 to April 2010. He appeals an October 2019 administrative decision by the Department of Veterans Affairs (VA) Vocational Rehabilitation Counselor (VRC). A Board of Veterans' Appeals (Board) hearing was held in July 2023. A transcript is of record.

Under the hearing docket, the Board is authorized to review the evidence considered by the Agency of Original Jurisdiction (AOJ) up until the October 2019 administrative decision, in addition to evidence submitted at the July 2023 Board hearing or within 90 days of the Board hearing.

The Board cannot consider (1) evidence submitted during the period after the AOJ issued the October 2019 administrative decision on appeal and before July 2023 Board hearing, or (2) any evidence submitted more than 90 days after the July 2023 Board hearing. 38 C.F.R. § 20.302. If evidence was associated with the claims file during a period of time when additional evidence was not allowed, the Board has not considered it in its decision. 38 C.F.R. § 20.300. If the Veteran would like VA to consider any evidence that was submitted that the Board could not consider, the Veteran may file a Supplemental Claim (VA Form 20-0995) and submit or identify this evidence. 38 C.F.R. § 3.2501. If the evidence is new and relevant, VA will issue another decision on the claim[s], considering the new evidence in addition to the evidence previously considered. *Id.*. Specific instructions for filing a Supplemental Claim are included with this decision.

The purpose of Chapter 31 VR&E services is to evaluate and improve a veteran's ability to achieve a vocational goal; provide services to qualify for suitable employment; enable a veteran to achieve maximum independence in daily living;



2

IN THE APPEAL OF
**LAWRENCE M. STANFILL-EL**

SS XXX XX 4790
Docket No. 191004-41701

and enable a veteran to become employed in a suitable occupation and to maintain suitable employment. 38 U.S.C. § 3104; 38 C.F.R. § 21.70(a).

The successful development and implementation of a program of rehabilitation services requires the full and effective participation of the veteran in the rehabilitation process. 38 C.F.R. § 21.362(a). The veteran is responsible for satisfactory conduct and cooperation in developing and implementing a program of rehabilitation service under Chapter 31. 38 C.F.R. § 21.362(a)(1). The veteran must conform to procedures established by VA governing pursuit of a rehabilitation plan including enrollment and reenrollment in a course. 38 C.F.R. § 21.362(c)(4)(i).

When the case manager determines that the Veteran's conduct and/or cooperation are not in conformity with 38 C.F.R. § 21.362(c), the case manager will (1) discuss the situation with the Veteran; (2) arrange for services (particularly counseling services which may assist in resolving the problems which led to the unsatisfactory conduct or cooperation); and (3) interrupt the program to allow for more intense efforts, if unsatisfactory conduct and cooperation persist. If a reasonable effort to remedy the situation is unsuccessful during the period in which the program is interrupted, the Veteran's case will be continued and assigned to "discontinued" status, unless mitigating circumstances are found. 38 C.F.R. § 21.364(b). When mitigating circumstances exist, the case may be continued in interrupted status until VA staff determines the veteran may be reentered into the same or a different program because the veteran's conduct and cooperation will be satisfactory, or if a plan has been developed, to enable the veteran to reenter and try to maintain satisfactory conduct and cooperation. Mitigating circumstances include: (i) the effects of the veteran's service-and nonservice-connected condition(s), (ii) family or financial problems which have led the veteran to unsatisfactory conduct or cooperation, or (iii) other circumstances beyond the veteran's control. *See* 38 C.F.R. § 21.364(b).

Whenever a veteran's status is changed, the veteran must be fully informed of that fact by a letter that states the reasons for the change in status, 38 C.F.R. § 21.180(d), and be afforded prior notification of any adverse action, 38 C.F.R. § 21.420(d).

3

IN THE APPEAL OF                                    SS XXX-XX-4790
**LAWRENCE M. STANFILL-EL**                Docket No. 191004-41701

The Veteran was found entitled to VR&E benefits with a serious employment handicap (SEH). After evaluation and his case being temporarily interrupted, he and his initial VRC, K.M., executed an IWRP in September 2014. His IWRP noted he would complete a bachelor's degree in geography from Portland State University (PSU) which he was expected to complete in June 2018. *See* September 2014 VA Form 28-8872. The Veteran received benefits and pursued his degree. In December 2017, the Veteran was involved in a motor vehicle accident (MVA) and was injured. *See* January 2017 VA treatment records. The Veteran contends he was unable to complete his winter 2018 and spring 2018 coursework as a result of the accident. *See* July 2023 Board Hr. Tr. at 7. Initially, the Veteran received failing grades for lack of attendance from January 2018 to June 2018 and VA requested the Veteran repay the benefits he received as he did not attend the classes for which the benefits were provided. *See, e.g.,* December 2018 VA Form 4-1837. However, due to the surrounding circumstances, PCU withdrew the Veteran from the failed classes from January 2018 to June 2018 and refunded his tuition. *See* May 2018 PSU notification of action. Additionally, VA granted waiver of the Veteran's VR&E overpayment debt, noting the Veteran was in a car accident and was "not at fault for creation of the debt." *See* December 2018 VA Form 4-1837.

The record reflects VRC K.M. left his VRC position in October 2014 and the Veteran was assigned a new VRC, A.B., in November 2014. At some point prior to January 2016, the Veteran's VRC changed again to M.L. *See* January 2016 VR&E General. The record does not contain an introductory letter from VRC M.L. to the Veteran, which is customary. The Veteran testified that he never met with VRC M.L. until after his December 2017 MVA when the Veteran requested an appointment and told M.L. about his inability to continue with schooling due to residuals from the MVA. *See* July 2023 Board Hr. Tr. at 7; *see also* October 2018 Veteran letter. The Veteran contends this in person meeting occurred in February 2018 and he submitted a copy of corroborating text messages with M.L. in February 2018 with no contact from M.L. until September 2018 after the Veteran texted. *See* October 2018 VRE General.



In August 2018, after reportedly first learning that the Veteran did not attend classes from January to June 2018, VRC M.L. placed the Veteran's case in

4

IN THE APPEAL OF                                SS XXX XX 4790
LAWRENCE M. STANFILL-EL                 Docket No. 191004-41701

interrupted status for "failure to pursue [his] vocational rehabilitation plan and [that he had] not responded to attempts to contact." *See* August 2018 VRC determination letter. The Board notes this letter does not show up in the Veteran's electronic file until a January 2019 copy is provided via congressional request. In September 2018, exactly one month from the August 2018 determination letter, VRC M.L. provided notice that the Veteran's plan was discontinued, stating the Veteran "failed to contact this office in over 90 days." Similarly, this letter is also not in the Veteran's electronic file until a January 2019 copy is provided via congressional request.

As an initial matter, the Veteran continuously stated during the appeal that he never received either of these initial letters and that the delivery address on the letterhead was incorrect. *See, e.g.,* April 2019 email correspondence; July 2023 Board Hr. Tr. at 14. An appellant's bare statement of non-receipt of mail, without more, is not the type of "clear evidence" that can rebut the presumption of regularity. However, the presumption of regularity may be rebutted where there is (1) evidence that VA used an incorrect address on the mailing, or (2) evidence that the mailing was returned as undeliverable and there were other possible and plausible addresses available to VA at the time of the decision. *See, e.g., Davis v. Principi,* 17 Vet. App. 29, 37 (2003); *Clark v. Principi,* 15 Vet. App. 61, 63 (2001).

In this case, the Veteran's physical address at that time was different than that used on the August and September 2018 VRC determination letters. Also, as noted above, the August and September 2018 VRC letters are not reflected in the Veteran's electronic file until January 2019, when copies were included with a VA response to a congressional request. As such, the Board finds the presumption of regularity rebutted and there is no firm evidence the Veteran actually received these letters. Thus, based solely on basic claims processing rules, the Board finds the original discontinuation of the Veteran's VR&E plan improper.

There is no evidence in the record the Veteran was provided VA notice of his ability to appeal the decision to interrupt, and ultimately close his VR&E case. Instead, after the Veteran was informed by PSU that his PSU fall 2018 credits could not be certified by VA, because his VR&E benefits were discontinued, the Veteran sought help from his United States Senator, filed a complaint with VA regarding the Portland VR&E office, and reapplied for VR&E benefits.

5

IN THE APPEAL OF                                    SS XXX XX 4790
   **LAWRENCE M. STANFILL-EL**            Docket No: 191004-41701

*See* October 2018 VA Form 28-1900. The Veteran restarted the whole VR&E
evaluation process while he found other ways to finance his schooling. At the
initial re-evaluation, the Veteran expressed disagreement that his case was
discontinued less than two months ago. *See* November 2018 VA Form 28-1902b.
The Veteran's new VRC, V.D. worked with the Veteran, found he needed an
extended evaluation, and warned the Veteran that he was "having some resistance
from various players," including the VR&E Officer, regarding approving any new
IWRP for the Veteran. *See* November 2018 email correspondence. The record
reflects various back and forth emails from VRC V.D. and the VR&E Officer and
Supervisory VRC. *See* March 2019 email correspondence. In one email, VRC
V.D. stated that he was "quite uncomfortable" finding that the Veteran's was
"vocationally infeasibly based on what I know and have learned over the recent
past from him and his submitted documents" and stated that "it is clear that his
case was mishandled early on" by VRC M.L. and the issue is now "truly an ethical
issue in terms of providing justice to a client." *Id.* In April 2019, VRC V.D. met
with the Assistant VR&E Officer and discussed the Veteran's case, stating that the
current VR&E case stems from the Veteran's belief that he did not receive adequate
due process about his case being discontinued. *See* April 2019 email
correspondence. The record reflects numerous instances of misrepresentation and
altered facts while the Veteran's case remained in the extended evaluation status.
In May 2019, the Veteran requested VR&E provide tuition to PSU for the prior
semesters. *See* May 2019 email correspondence. In September 2019, VRC V.D.
proposed to discontinue the Veteran's claim for VR&E services. As rationale, V.D.
stated the Veteran did not attend a proposed August 2023 meeting. *See* September
2019 administrative decision. An August 2019 VA Form 21-4138, submitted in
October 2019, noted that the Veteran would meet with V.D., but also stated it may
not be a good idea to meet and discuss anything further since he retained an
attorney.

In October 2019, the Veteran was provided notification that the VRC was
discontinuing further action on the Veteran's VR&E claim due to lack of
cooperation or failure to participate in a program of services. *See* 38 U.S.C.
§ 3111; 38 C.F.R. § 21.364.



6

IN THE APPEAL OF                                    SS XXX XX 4790
**LAWRENCE M. STANFILL-EL**                    Docket No: 191004-41701

As stated above, if VA determines that a veteran has failed to maintain satisfactory conduct or cooperation, VA may, after interrupting the case and determining that all reasonable counseling efforts have been made and are found not reasonably likely to be effective, discontinue services and assistance to the veteran, unless the case manager determines that mitigating circumstances exist. Following a review of the record, and resolving reasonable doubt in the Veteran's favor, the Board concludes that the discontinuance of VR&E services was improper both in September 2018 by VRC M.L., during the Veteran's first IWRP, and in October 2019 by VRC V.D. VA regulations require that whenever a veteran's status is changed, prior to any adverse action, the veteran must be fully informed of that fact by a letter that states the reasons for the change in status. 38 C.F.R. §§ 21.180(d), 21.420(d).

With VRC V.D., the Board finds the Veteran's case was never placed in "interrupted" status prior to being discontinued as neither the September 2019 nor October 2019 letters indicate that the Veteran's case was ever placed in "interrupted" status.

Further, the purpose of assignment to "interrupted" status is to ensure that all appropriate actions have been taken to help the Veteran continue in his program before discontinuing benefits and services. *See* 38 C.F.R. § 21.364(b)(3) (interrupted status will "allow for more intense efforts, if the unsatisfactory conduct and cooperation persist," and that only after a "reasonable effort to remedy the situation is unsuccessful during the period in which the program is interrupted" will the Veteran's case be discontinued). In this case, the claims file does not reflect that any attempt was made to assist the Veteran in resolving the problems which led to the alleged unsatisfactory or uncooperative conduct. There is nothing in the record demonstrating that either VRC took the necessary steps to interrupt and ultimately discontinue the Veteran's case. There is no evidence that reasonable counseling efforts were made to help the Veteran understand why VR&E would not continue with his IWRP or what consequences he would face if he decided not to pursue the services that were being offered by the VRC.

With VRC M.L., the Veteran provided evidence that he did attempt to contact VRC M.L. on multiple occasions in September 2018, via phone and text messages. *See* October 2018 phone and text records. Additionally, the Veteran's mental health therapist, T.W., also stated he emailed M.L. on two occasions in August and

7

IN THE APPEAL OF                SS XXX XX 4790
**LAWRENCE M. STANFILL-EL**      Docket No. 191004-41701

September 2018 before M.L. finally responded on the same day he discontinued the Veteran's VR&E plan. *See* October 2018 email. Thus, the reasoning behind VRC M.L.'s decision to interrupt and discontinue the Veteran's plan was improper.

Additionally, neither VRC discussed potential mitigating circumstances prior to discontinuing his services. 38 C.F.R. § 21.364(b). As stated above, the Veteran suffered an MVA and dropped out of his coursework at PSU, which led to VRC M.L. discontinuing his services. Also, the Veteran is service connected for posttraumatic stress disorder (PTSD), rated at 70 percent disabling, in addition to chronic lumbar strain and multiple other musculoskeletal conditions that could have been exacerbated from the MVA, and increased the stress placed on the Veteran during the entire process in question. These mitigating circumstances are specifically noted in 38 C.F.R. § 21.364(b) and were not addressed by either VRC prior to discontinuing his VR&E claim on either occasion.

Considering the discussion above, to the extent that the Veteran may not have maintained completely satisfactory conduct and cooperation, the record does not show that the procedures outlined in 38 C.F.R. § 21.364(b) were followed either by VRC M.L. or by VRC V.D. And even if it was properly determined that the Veteran did not maintain satisfactory conduct and cooperation, which it was not, mitigating circumstances beyond his control were clearly demonstrated. Accordingly, it was not proper to discontinue his VR&E claim under the provisions of 38 C.F.R. § 21.364. *See* 38 C.F.R. § 21.364(a); *see also McRae v. Brown*, 9 Vet. App. 229, 233-34 (1996).

(Continued on the next page)



8

IN THE APPEAL OF
**LAWRENCE M. STANFILL-EL**

SS XXX XX 4790
Docket No. 191004-41701

The Board notes that this decision only addresses whether discontinuance of his VR&E claim was proper. To that extent only, the appeal is granted. Upon restoration of services, the Veteran will be allowed to reenter the VR&E program under his original IWRP and the Agency of Original Jurisdiction (AOJ) will address his request for additional VR&E benefits, to include retroactive benefits to cover the costs associated with completing his degree at PSU and the potential pursuit of a Juris Doctor degree. The Veteran is encouraged to comply with all VR&E procedures, to include, as necessary, any re-evaluation for rehabilitation needs.

DONNIE R. HACHEY
Veterans Law Judge
Board of Veterans' Appeals

Attorney for the Board                                                                Bona, J.F.

*The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.*



# If you disagree with VA's decision

VA 10183-SB
FEB 2019 Page 1 of 2

**Choose one of the following review options** to continue your case. If you aren't satisfied with that review, you can try another option. Submit your request before the indicated deadline in order to receive the maximum benefit if your case is granted.

| Review option | Supplemental Claim<br>**Add new and relevant evidence** | Higher-Level Review Not Available<br>**Ask for a new look from a senior reviewer** | Board Appeal Not Available<br>**Appeal to a Veterans Law Judge** | Court Appeal<br>**Appeal to Court of Appeals for Veterans Claims** |
|---|---|---|---|---|
| Who and what | A reviewer will determine whether the new evidence changes the decision. | Because your appeal was decided by a Veterans Law Judge, you cannot request a Higher-Level Review.<br><br>Please choose a different option for your next review. | You cannot request two Board Appeals in a row.<br><br>Please choose a different option for your next review. | The U.S. Court of Appeals for Veterans Claims will review the Board's decision. You can hire an attorney to represent you, or you can represent yourself.<br><br>Find more information at the Court's website: uscourts.cavc.gov |
| Estimated time for decision | 🕐 About 4-5 months | | | |
| Evidence | 🗒 You must submit evidence that VA didn't have before that supports your case. | | | |
| Discuss your case with VA | | | | |
| Request this option | Submit VA Form 20-0995 Decision Review Request: Supplemental Claim VA.gov/decision-reviews | | | File a Notice of Appeal uscourts.cavc.gov<br><br>Note: A Court Appeal must be filed with the Court, not with VA. |
| Deadline | You have **1 year** from the date on your VA decision to submit VA Form 20-0995. | | | You have **120 days** from date on your VA decision to file a Court Appeal. |
| How can I get help? | A Veterans Service Organization or VA-accredited attorney or agent can represent you or provide guidance. Contact your local VA office for assistance or visit VA.gov/decision-reviews/get-help. For more information, you can call the White House Hotline **1-855-948-2311**. | | | |

1CNKZ012O18S97OO08OO09 360610