IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LAWRENCE STANFILL-EL**,<br><br>        Plaintiff,<br><br>    v.<br><br>**MELISSA BAY**; **DEPARTMENT OF PVARO VOCATION REHABILITATION**; **GARY RICHARDSON**; **VINCE DIMONE**; and **CINDY BUKOWSKY**,<br><br>        Defendants. | Case No. 3:24-cv-00496-IM<br><br>**OPINION AND ORDER DISMISSING IFP COMPLAINT** |

**IMMERGUT, District Judge.**

    This matter concerns Plaintiff Lawrence Stanfill-El's pro se Application for Leave to Proceed *In Forma Pauperis* ("IFP"), ECF 2. As part of the IFP application process, the Court has screened Plaintiff's complaint, ECF 1. For the reasons explained below, this Court DISMISSES Plaintiff's complaint because it fails to state a claim for which relief can be granted.

PAGE 1 – OPINION AND ORDER

## LEGAL STANDARDS

The federal IFP statute, 28 U.S.C. § 1915, permits an indigent litigant to forgo the administrative costs associated with initiating and prosecuting a lawsuit in federal court. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). In drafting § 1915, Congress recognized that a litigant who is not required to shoulder the financial burden of litigating may lack "an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). To temper such abuses, § 1915(e) authorizes a district court to dismiss a complaint upon finding that it (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *id.* § 1915A(b). A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, thereby "spar[ing] prospective defendants the inconvenience and expense of answering such complaints." *Neitzke*, 490 U.S. at 324; *see also Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (en banc) (explaining that § 1915(e) applies to all IFP complaints, and not just those filed by individuals in custody).

As the Ninth Circuit has instructed, however, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A complaint filed by a self-represented litigant "must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). A pro se litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Lopez*, 203 F.3d at 1130–31.

## DISCUSSION

Plaintiff brings this suit against Melissa Bay, Gary Richardson, Vince Dimone, and Cindy Bukowsky, who all appear to be employees of the Department of Veterans Affairs ("VA"). *See* Complaint, ECF 1 at 2 (listing VA email addresses for each Defendant). Plaintiff

PAGE 2 – OPINION AND ORDER

additionally brings suit against the Portland Veterans Affairs Regional Office (which Plaintiff refers to as "PVARO"). Invoking the Eighth Amendment's prohibition of cruel and unusual punishments, 42 U.S.C. §§ 1985, 1986, and other statutes, Plaintiff alleges that "Defendants, namely Melissa Bay [and] Carol Roane conspired to inappropriately stop [his] educational benefits with the assistance of Mark Letterde [and] Johnathan Berreth vocation rehabilitation counselors; which also violated [his] civil rights and defamed [his] reputation." *Id.* at 3–4. In addition, Plaintiff says, "[t]he entire Department of VA CH-31 office in Portland conspired to remove [him] from [his] 1405 education plan while enrolled in classes at [Portland State University]." *Id.* As relief, Plaintiff requests "10 million dollars in compensatory damages as well an enforcement of U.S. Veteran Court of Appeals decision." *Id.* at 5.

Federal Rule of Civil Procedure 8 requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and instructs that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), 8(d)(1). "A claim is 'the aggregate of operative facts which give rise to a right enforceable in the courts.'" *Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000) (citation omitted). Compliance with Rule 8 therefore requires a plaintiff to plead a short and plain statement "identifying the transaction[s] or occurrence[s] giving rise to the claim[s] and the elements of the prima facie case" for each claim alleged. *Id.* Though detailed factual allegations are not required, a plaintiff must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff's complaint falls short of asserting a short and plain statement showing that he is entitled to relief. It is unclear how Plaintiff's factual allegations (and the many documents he appends to his complaint) are relevant to the constitutional and statutory provisions he has listed,

PAGE 3 – OPINION AND ORDER

and confusingly, his complaint refers to individuals whom he has not listed as Defendants. *See Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995) ("Although . . . *pro se* litigant[s] . . . may be entitled to great leeway when the court construes [their] pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong."). Accordingly, Plaintiff's complaint does not comply with Rule 8 and must be dismissed. *See*, *e.g.*, *McHenry v. Renne*, 84 F.3d 1172, 1177–80 (9th Cir. 1996) (upholding district court's dismissal of a complaint that failed to set forth a short and plain statement of the claims at issue in violation of Rule 8(a)).

Furthermore, Plaintiff's complaint faces potential jurisdictional issues. First, to the extent that Plaintiff is arguing that this Court should award damages to him based on a VA decision regarding his benefits, this Court lacks jurisdiction over his case. As the Ninth Circuit has explained, a district court lacks subject-matter jurisdiction over a claim "if it requires the district court to review VA decisions that relate to benefits decisions, including any decision made by the Secretary [of the VA] in the course of making benefits determinations." *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1025 (9th Cir. 2012) (en banc) (citations and internal quotation marks omitted); *see also Stephens v. Biden*, Case No. 3:23-cv-00817-SB, 2024 WL 554274, at *11 (D. Or. Jan. 26, 2024) (citing cases). Second, to the extent that Plaintiff is seeking damages pursuant to a constitutional tort claim against VA employees in their official capacities, this Court likely lacks jurisdiction over his case. As a general matter, the United States has not waived its sovereign immunity against damages claims that it, or its employees in their official capacities, violated the Constitution. *See Jachetta v. United States*, 653 F.3d 898, 904 (9th Cir. 2011) (citing cases). This list of potential jurisdictional obstacles is not exhaustive, and there may be other jurisdictional issues that Plaintiff's claims, if clarified, may trigger.

PAGE 4 – OPINION AND ORDER

## CONCLUSION

The Court DISMISSES without prejudice Plaintiff's Complaint, ECF 1, for failure to state a claim for which relief can be granted. Plaintiff has thirty (30) days to amend his complaint.

**IT IS SO ORDERED.**

DATED this 26th day of March, 2024.

                                                /s/ Karin J. Immergut
                                                Karin J. Immergut
                                                United States District Judge