IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LAWRENCE STANFILL-EL**, | Case No. 3:24-cv-00496-IM |
| Plaintiff, | **OPINION AND ORDER DISMISSING FIRST AMENDED IFP COMPLAINT** |
| v. | |
| **MELISSA BAY**; **PVARO DEPARTMENT OF VA**; **GARY RICHARDSON**; **VINCE DIMONE**; **CINDY BUKOWSKY;** and **CAROL ROANNE**, | |
| Defendants. | |

**IMMERGUT, District Judge.**

This matter concerns Plaintiff Lawrence Stanfill-El's First Amended Complaint ("FAC"), ECF 6, which he has filed in forma pauperis ("IFP"). This Court DISMISSES the First Amended Complaint because this Court lacks the subject-matter jurisdiction to hear Plaintiff's claims.

**LEGAL STANDARDS**

The federal IFP statute, 28 U.S.C. § 1915, permits an indigent litigant to forgo the administrative costs associated with initiating and prosecuting a lawsuit in federal court. *Denton*

PAGE 1 – OPINION AND ORDER

*v. Hernandez*, 504 U.S. 25, 27 (1992). In drafting § 1915, Congress recognized that a litigant who is not required to shoulder the financial burden of litigating may lack "an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). To temper such abuses, § 1915(e) authorizes a district court to dismiss a complaint upon finding that it (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint filed IFP may be dismissed at any time, including before service of process, thereby "spar[ing] prospective defendants the inconvenience and expense of answering such complaints." *Neitzke*, 490 U.S. at 324; *see also Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (en banc) (explaining that § 1915(e) applies to all IFP complaints, and not just those filed by individuals in custody).

As the Ninth Circuit has instructed, however, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A complaint filed by a self-represented litigant "must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). A pro se litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *Lopez*, 203 F.3d at 1130–31.

## BACKGROUND

Plaintiff brings this suit against Melissa Bay, Gary Richardson, Vince Dimone, Cindy Bukowsky, and Carol Roanne, who all appear to be employees of the Department of Veterans Affairs ("VA"). *See* FAC, ECF 6 at 4 (referring to Defendants as VA "employees"). Plaintiff also brings suit against the Portland Veterans Affairs Regional Office (which Plaintiff refers to as "PVARO"). Relying on 42 U.S.C. §§ 1983, 1985, 1986, the Civil Rights Act, the Americans with Disabilities Act ("ADA"), and the U.S. Constitution, Plaintiff primarily accuses Defendants

PAGE 2 – OPINION AND ORDER

of two things. First, he alleges that "PVARO employees [i.e., the individual Defendants] acted with reckless indifference to [his] constitutional rights" by "knowingly sen[ding] the notice for closure of case file for [Plaintiff's educational benefits] to an old address" and by ignoring Plaintiff's attempts to contact them. FAC, ECF 6 at 4. Second, he seemingly wishes to hold PVARO responsible for an alleged incident during which a "VA [e]mployee receptionist Jay Coleman" directed racial slurs toward him. *Id.* at 6. (Coleman is not a named Defendant). As a remedy, Plaintiff seeks $10 million in damages and a declaratory judgment. *Id.* at 4.

This Court previously dismissed Plaintiff's Complaint, ECF 1, for failure to state a claim under Federal Rule of Civil Procedure 8. *See* Opinion and Order, ECF 4. In its Opinion, however, this Court also informed Plaintiff—who had primarily made constitutional tort claims against almost all of the same Defendants—that his Complaint "face[d] potential jurisdictional issues." *Id.* at 4. This Court expressly told Plaintiff that "to the extent Plaintiff is arguing that this Court should award damages to him based on a VA decision regarding his benefits, this Court lacks jurisdiction over his case." *Id.* (citing cases). Additionally, this Court expressly told Plaintiff that "to the extent Plaintiff is seeking damages pursuant to a constitutional tort claim against VA officials in their official capacities, this Court lacks jurisdiction over his case," given the United States' sovereign immunity. *Id.* (citing *Jachetta v. United States*, 653 F.3d 898, 904 (9th Cir. 2011)).

## DISCUSSION

Neither of Plaintiff's claims can be heard in this Court because of the two jurisdictional issues this Court previously identified in dismissing Plaintiff's Complaint, ECF 1. First, Plaintiff's claims regarding his educational benefits file are foreclosed by the Veterans' Judicial Review Act ("VJRA"). The VJRA "precludes jurisdiction over a claim if it requires the district court to review VA decisions that relate to benefits decisions," even if the veteran dresses his

PAGE 3 – OPINION AND ORDER

claim as a constitutional challenge. *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1022–25 (9th Cir. 2012) (en banc) (citation and internal quotation marks omitted); *see* Opinion and Order, ECF 4 at 4. This "preclusion extends not only to cases where adjudicating veterans' claims requires the district court to determine whether the VA acted properly in handling a veteran's request for benefits, but also to those decisions that may affect such cases." *Tunac v. United States*, 897 F.3d 1197, 1202 (9th Cir. 2018) (citation and internal quotation marks omitted). By Plaintiff's admission, the individual Defendants' alleged actions here resulted in the closing of his educational benefits case file—thus, Plaintiff's claims fall under the VJRA's ambit. Accordingly, this Court lacks the subject-matter jurisdiction to hear any claims stemming from alleged issues involving Plaintiff's educational benefits.

Second, the United States has not waived its sovereign immunity against Plaintiff's claims for damages. "As a sovereign, the United States is immune from suit unless it waives such immunity." *Chadd v. United States*, 794 F.3d 1104, 1108 (9th Cir. 2015) (citation omitted). Sovereign immunity extends to the employees of the United States acting in their official capacities. *See Pistor v. Garcia*, 791 F.3d 1104, 1112 (9th Cir. 2015) ("[A]n officer sued in his official capacity is entitled to forms of sovereign immunity that the entity, *qua* entity, may possess." (citation and internal quotation marks omitted)); Opinion and Order, ECF 4 at 4.

That immunity bars Plaintiff's claims. Although the Federal Tort Claims Act ("FTCA") permits certain damages suits against the United States, "constitutional torts . . . are not actionable under the FTCA." *Jachetta*, 653 F.3d at 904. Nor does the FTCA "redress breaches of federal statutory duties." *Id.* (quoting *Johnson v. Sawyer*, 47 F.3d 716, 727 (5th Cir. 1995) (en banc)).

Furthermore, "federal case law is clear that the civil rights statutes do not apply to actions against the Federal Government, and do not provide a basis for finding a waiver of sovereign immunity." *Berdeaux v. U.S. Dep't of Educ. Loan Discharge Unit*, No. CV 10–1737–PHX–JAT, 2011 WL 3876001, at *6 (D. Ariz. Sept. 2, 2011) (citation omitted); *see also Morse v. N. Coast Opportunities, Inc.*, 118 F.3d 1338, 1343 (9th Cir. 1997) ("[B]y its very terms, § 1983 precludes liability in federal government actors."); *Delta Sav. Bank v. United States*, 265 F.3d 1017, 1025 (9th Cir. 2001) (explaining that §§ 1985 and 1986 are not actionable against the United States); *Gabriel v. Gen. Servs. Admin.*, 547 F. App'x 829, 831 (9th Cir. 2013) ("Civil Rights statutes, such as 42 U.S.C. §§ 1981, 1985, do not waive the federal government's own sovereign immunity."). The same is true of the ADA. *See Berdeaux*, 2011 WL 3876001, at *6.

And while the Civil Rights Act of 1964 waives the United States' sovereign immunity with respect to certain claims, Plaintiff's claim that Defendants created a "hostile work environment" is not among them because only employees of the VA can make such claims. FAC, ECF 6 at 6; *see* 42 U.S.C. § 2000e-16 (waiving the United States' sovereign immunity only with respect to "personnel actions").

On his current pleadings, then, Plaintiff cannot pursue money damages against the United States or any of the individual Defendants. *See* 14 Charles A. Wright et al., Federal Practice & Procedure § 3656 (4th ed. Sept. 2023 update) (listing the federal government's statutory waivers of sovereign immunity). For the same reasons, sovereign immunity bars Plaintiff's claim for retrospective declaratory relief. *See Magassa v. Wolf*, 487 F. Supp. 3d 994, 1008–09 (W.D. Wash. 2020).

## CONCLUSION

This Court DISMISSES Plaintiff's First Amended Complaint, ECF 6, without leave to amend because it is clear that any amendment would be futile. *See Kenner v. United States*, 689

PAGE 5 – OPINION AND ORDER

F. App'x 558 (9th Cir. 2017) (affirming dismissal of pro se complaint without leave to amend for lack of subject-matter jurisdiction); *Romine v. Big O Tires Corp. Headquarters*, 685 F. App'x 516 (9th Cir. 2017) (same). This Court DISMISSES this action with prejudice for lack of subject-matter jurisdiction. *See Burroughs v. United States*, 610 F. App'x 697, 698 (9th Cir. 2015) (explaining that "[b]ecause the 'bar of sovereign immunity is absolute,'" dismissal must be with prejudice (quoting *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) (per curiam)).

**IT IS SO ORDERED.**

DATED this 10th day of April, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 6 – OPINION AND ORDER